## PICO v. COLUMBET.

In an action by a tenant in common against his co-tenant, who is in the sole possession of the premises, to recover a share of the profits of the estate; a complaint which avers a tenancy in common between the parties; the sole and exclusive possession of the premises by the defendant; the receipt by him of the rents, issues and profits thereof; a demand by the plaintiff of an account of the same, and the payment of his share; the defendant's refusal; and that the rents, issues and profits amount to $84,000, is insufficient to support the action.

In such complaint, there are no special circumstances alleged which withdraw the case from the ordinary remedies at law, and require the interposition of equity. The action is a common law action of account; and, viewed in this light, the complaint is fatally defective in not averring that the defendant occupied the premises upon any agreement with the plaintiff, as receiver or bailiff of his share of the rents and profits. It is essential to a recovery that this circumstance exist, and equally essential to the complaint that it be alleged.

At common law, one tenant in common has no remedy against the other, who exclusively occupies the premises and receives the entire profits, unless he is ousted of possession, when ejectment may be brought, or unless the other is acting as bailiff of his interest by agreement, when the action of account will lie. The occupation by him, so long as he does not exclude his co-tenant, is but the exercise of a legal right. His cultivation and improvements are made at his own risk; if they result in loss he cannot call upon his co-tenant for contribution; and if they produce a profit his co-tenant is not entitled to a share in them. The co-tenant can at any moment enter into equal enjoyment of his possession; his neglect to do so may be regarded as an assent to the sole occupation of the other.

There is no equity in the claim asserted by the tenant to share in profits resulting from the labor and money of his co-tenant, when he has expended neither, and has never claimed possession, and never been liable for contribution in cases of loss. There would be no equity in giving to a tenant, who would neither work himself or subject himself to any expenditures or risks, a share in the fruits of another's labor, investments and risks.

The statute of 4 and 5 Anne, 16, is not in force in this State.

APPEAL from the Third District, County of Alameda.

This was an action by one tenant in common against his co-tenant, who is in the sole possession of the premises, to recover a share of the profits of the estate.

In the Court below, the defendant demurred to the complaint of the plaintiff upon the ground that "it does not state facts sufficient to constitute a cause of action." The demurrer was overruled. Defendant excepted, and subsequently answered. This Court has considered the

question of the sufficiency of the complaint, the substance of which is set out in the opinion of the Court.    The judgment of the Court below is, that the bill be dismissed, and defendant have judgment for his costs.    Plaintiff appealed to this Court.

*Stowe & Brown* for Appellant.

Plaintiff contends that this decision was erroneous, and that Courts of Equity always gave relief, and compel one tenant in common who had been in the exclusive possession, and received the entire rents and profits, to account, for the reason that there was no remedy at law, and it will not be inappropriate to keep in view the distinction between common law and equity.    " Common Law "—that system of law which is administered in the Common Law Courts, as distinguished from the rules prevailing in Courts of Equity and Admiralty.    Wood's Lectures, Introduction, 81 ; 6 Peters' R. 102, 110.

" There can be no ouster between tenants in common in possession, and therefore, if one takes more than his share of the rents, the only remedy is account, either by action under the Statutes of Anne, or by bill in equity."    4 Young & Collier, English Exchequer R. 4 ; Chitty's Eq. Digest, 6 ; Parrott *v.* Palmer, 3 ; Mylne & Keeni's R. 632.

" A, being at the time abroad, became a tenant in common with B, and died fifteen years afterwards, without having, during that period, been in England, and being all the time ignorant of her rights as tenant in common.    B continued all along in possession and receipt of the rents and profits of the premises.    Held, that B's possession did not amount to an ouster, and that A's representative could sustain a bill for an account against B, without recovering previously the possession."    1 Chitty's Eq. Digest, 10, subdivision 13, title Account, citing 2 Law Journal Rep. in Ch'y.

It cannot be pretended in this case that B could be charged as bailiff, or that he agreed to account for the rents and profits, or to pay for his exclusive possession.    Pultney *v.* Warren, (decided in 1801) 6 Vesey, 76.

This mischief was not remedied until the Act for the amendment of the law (Stat. 4 Anne) gave an action of account by one tenant in common against the other.    Before that period, the habit of the Court

of Chancery was to grant relief upon the legal title, in respect to the want of a legal remedy. Drury v. Drury, 1 Rep. in Ch'y, 26 ; Dean v. Wade, 2 Rep. in Ch'y ; The Duke of Leeds v. Powell, 1 Vesey, 171 ; The Duke of Leeds v. The Corporation of New Radnor, 2 Brown C. C. 338, 518 ; 13 Vesey, 276 ; and the same principle is laid down by Lord Hardwicke in Benson v. Baldwyn, 1 Atkins, 598, (May 19, 1739) ; Turner v. Morgan, 8 Vesey, 143 ; Strelly v. Wilson, 1 Vernon Ch. R. 296 ; Story's Eq. J., sec. 446, the last paragraph of that section : " So that it will be at once perceived, from these cases, that the remedy at the common law was very narrow ; and although it was afterwards enlarged, (the author having before referred to accounting between tenants in common, and the Statute of 4 Anne, ch. 16) that would not of itself displace the jurisdiction originally vested in Courts of Equity. *Ib.*, sec. 466 ; Thompson v. Bostwick, 1 McMullen Ch. ; Hancock v. Day, *Ib.* 298 ; Pope v. Haskins, 16 Ala. 324.

" If one of the parties has been in possession, or received the rents, an account will be decreed, or he will be charged with an occupation rent." 2 Hoffman Ch. Practice. 199.

The original bill in this cause was filed for a partition of certain real estate, and an account of · her share of the rents and profits, (p. 28). " The defendant having been in possession of the premises for the whole period, must be charged with an occupation rent. (Turner v. Morgan, 8 Vesey, 145.) See the decree in the case, p. 29. 1 Hoffman's Ch. Rep. 28.

Harman v. Osborne, 4 Paige, 336. Bill for partition and for an account of the rents and profits. *Ib.* 343.

" It is charged in the bill that C. R. has occupied the premises since the first of May, 1820 ; but to do complete justice between all the parties interested in the premises, an account should be taken of the rents and profits from the death of M. L. in 1812."

Again, *Ib.* : " The master is to take an account of the rent and profits of the premises received by any of the parties to this suit," etc.

Having thus, as we think, established that in equity plaintiff is entitled to the relief demanded, it cannot, we suppose, be disputed that this Court will administer well-settled equity as well as common law principles. Smith v. Rowe, 4 Cal. 6 ; Minturn v. Hays, 2 Cal. 593.

*Holladay & Cary* for Respondent.

If this is a common law action of account, as we maintain, then "the complaint does not state facts sufficient to constitute a cause of action"; which defect might be taken advantage of by demurrer, which was done.

The complaint does not charge the defendant as bailiff, or receiver, nor with having received more than his just share of the profits. See 3 Hill's Rep., pp. 59—70, McMurray *v.* Rawson, which case reviews all the authorities new and old upon the subject, and results in conclusions of law adverse to the plaintiff. Also, 18 Barbour, p. 265, Woolver *v.* Knapp, literally in point. See the reasoning of the Court in that case, on page 267.

The authorities cited in this case in 18 Barbour, as well as the reasoning of the Court in its opinion, seem conclusive of the present controversy in favor of defendant.

See, also, 9 Eng. Law and Equity Reports, p. 337. First see the argument of counsel (Watson) on page 338, which is adopted and sustained in the opinion and judgment of the Court in that case, showing that at common law the action of account will not lie upon the facts stated in this complaint; nor under the statute of Anne should the Court hold that it (the statute) had become a part of the common law.

That case covers the present controversy.

"The Common Law of England, etc., shall be the rule of decision in all the Courts of this State." See Stat. of 1850, p. 219. See, also, 12 Mass. Rep. 149, Sargent *v.* Parsons, which also decides this case. See, also, 9 Mass. Rep. 539, which was decided on the authority of Jones *v.* Harnden, which is also found on page 539, 9 Mass.

The complaint avers but four things:

1st. The co-tenancy of the parties.

2d. The "sole and exclusive possession and occupation" of the defendant.

3d. The net sum of the rents, issues and profits.

4th. A demand for one-half thereof, and an account of the same.

By the complaint it does not appear that defendant was receiver or bailiff of and for the plaintiff, nor that defendant has received more

than his just share of the profits ; hence we may infer that such was not the case.

The complaint does not allege an ouster or dispossession of the plaintiff—allege that he ever demanded or desired to enter, occupy and enjoy the premises with the defendant.

The complaint does not allege a partnership in the business between the parties, whereby the plaintiff either contributed anything, or was liable to contribute anything, for expenses, losses or repairs.

The defendant could not have compelled the plaintiff to pay one dollar for the expenses of the business, nor to contribute a dollar to any losses which might have been incurred.  One tenant in common in possession cannot repair at the expense of himself and co-tenant, much less can he charge them for improvements.  10 Barb. Sup. Court of N. York, Taylor *v.* Baldwin ; on page 590 of that case, and authorities there cited.

The plaintiff's counsel has not shown one single case at common law in support of the complaint in this case.  But he calls this an equity suit ; then the complaint must be a bill in equity.

That fact can only be determined from an inspection of its contents, and by ascertaining its nature and the functions it is designed to perform.

In this view of the case, the complaint or bill is equally infirm and impotent, in an equitable light, as we have shown it to be, for any other legal purpose.

If this is an equity proceeding, then it should either appear by the specific allegations in the complaint to that effect, or, at least, we should be able to gather from the whole case that the plaintiff has no adequate remedy at law.  "In the ordinary cases of mesne profits, where a clear remedy exists at law, equity will not interfere, but will leave the party to his remedy at law.  Some special circumstances are necessary to draw into activity the remedial interference of a Court of Equity."  See 1 Story Eq. Juris., secs. 508 to 519, cited in the note appended to the case of Pultney *v.* Warren, 6 Vesey, Jr. Rep., p. 73, which case see on various points applicable to this case.

This latter named case is cited also by plaintiff's counsel in his brief.

We cannot exactly see how it requires the exercise of the equity

powers of a Court to enable the plaintiff to collect forty-two thousand dollars of the defendant, for this is the whole purpose of the suit.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

This action is brought by one tenant in common against his co-tenant, who is in the sole possession of the entire premises, to recover a share of the profits received from the estate. The case was argued upon the demurrer to the complaint, which, by stipulation of the parties, was admitted to have been taken on the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint avers a tenancy in common between the parties; the sole and exclusive possession of the premises by the defendant; the receipt by him of the rents, issues and profits thereof; a demand by the plaintiff of an account of the same, and the payment of his share; the defendant's refusal; and that the rents, issues and profits amount to $84,000. These averments, and not the form in which the prayer for judgment is couched, must determine the character of the pleading. The complaint is designated a bill in equity, but the designation does not make it such. There are no special circumstances alleged which withdraw the case from the ordinary remedies at law, and require the interposition of equity. The action is a common law action of account, and, viewed in this light, the complaint is fatally defective. It does not aver that the defendant occupied the premises upon any agreement with the plaintiff, as receiver or bailiff of his share of the rents and profits. It is essential to a recovery that this circumstance exist, and equally essential to the complaint that it be alleged. By the common law, one tenant in common has no remedy against the other who exclusively occupies the premises and receives the entire profits, unless he is ousted of possession when ejectment may be brought, or unless the other is acting as bailiff of his interest by agreement, when the action of account will lie. The reason of the doctrine is obvious. Each tenant is entitled to the occupation of the premises; neither can exclude the other; and if the sole occupation by one co-tenant could render him liable to the other, it would be in the power of the latter, by voluntarily remaining out of possession, to keep out his companion also,

except upon the condition of the payment of rent.   The enjoyment of the absolute legal right of one co-tenant would thus often be dependent upon the caprice or indolence of the other.   1 Co. Lit. 200 ; 5 Bacon's Abrid. 367 ; Willes, 209.

The statutes of 4 and 5 Anne, 16, gave a right of action to one joint tenant, or tenant in common, against the other as bailiff, who received more than his proportional share of the profits.   At common law the bailiff was answerable, not only for his actual receipts, but for what he might have made from the property without willful neglect, (Co. Lit. 172, *a.* Willis, 210) but as bailiff under the statute of Anne, he was responsible only for what he received beyond his proportionate share. That statute only applied to cases where one tenant in common received from a third person money, or something else, to which both co-tenants were entitled by reason of their co-tenancy, and retained more than his just share according to the proportion of his interest.   This was held in Henderson *v.* Eason in the Exchequer Chamber, 9 Eng. Law and Eq. 337.   In that case it was decided, that if one of two tenants in common solely occupies land, farms it at his own cost, and takes the produce for his own benefit, his co-tenant cannot maintain an action of account against him as bailiff for having received more than his share and proportion.

The statute of Anne has never been adopted in this State, nor have we any similar statute.   The case at bar must therefore be determined upon the principles of the common law.   By them, as we have observed, the action cannot be maintained against the occupying tenant unless he is by agreement a manager or agent of his co-tenant.   The occupation by him, so long as he does not exclude his co-tenant, is but the exercise of a legal right.   His cultivation and improvements are made at his own risk ; if they result in loss he cannot call upon his co-tenant for contribution, and if they produce a profit his co-tenant is not entitled to share in them.   The co-tenant can at any moment enter into equal enjoyment of his possession ; his neglect to do so may be regarded as an assent to the sole occupation of the other.   On this point, the observations of Baron Parke in Henderson *v.* Eason are pertinent, although that case arose under the statute of Anne :   " There are obviously many cases," says the Justice, " in which a tenant in com-

mon may occupy and enjoy the land or other subject of tenancy in common solely, and have all the advantage to be derived from it, and yet it would be most unjust to make him pay anything.   For instance, if a dwelling-house or room is solely occupied by one tenant in common without ousting the other, or a chattel is used by one tenant in common, and nothing is received, it would be most inequitable to hold that by a simple act of occupation or user, without any agreement, he should be liable to pay a rent, or anything in the nature of a compensation, to his co-tenant for that occupation, to which, to the full extent to which he enjoyed, he had a perfect right.   It appears impossible to hold such a case to be within the statute, and an opinion to that effect was expressed by Lord Cottenham in McMahon v. Burchell.   Such cases are clearly out of the operation of the statute.   Again, there are many cases where profits are made and are actually taken by one co-tenant, yet it is impossible to say that he has received more than comes to his just share.   For instance, if one tenant employs his capital and industry in cultivating the whole of the piece of land, the subject of the tenancy, in a mode in which the money and labor expended greatly exceeds the value of the rent or compensation for the mere occupation of the land, in raising hops, for example, which is a very hazardous adventure, and he takes the whole of the crops, is he to be accountable for any of the profits in such a case, where it is clear, if the speculation had been a losing one altogether, he could not have called for a moiety of the loss, as he would have been enabled to do had it been so cultivated by the mutual agreement of the co-tenants ?   The risk of the cultivation, and the profits and the loss, are his own, and what is just with respect to the very uncertain and expensive crop of hops, is also just with respect to all the produce of the land, the *fructus industriales* which are raised by the capital and industry of the occupier, and cannot exist without it.   In taking all the produce, he cannot be said to receive more than his just share and proportion to which he is entitled as tenant in common, as he receives in truth the remuneration for his own labor and capital, to which a tenant has no right."

The American cases are to the same effect.   In Sargent v. Parsons, (12 Mass. 149) the Court said :   " The action of account is maintainable only against a bailiff; and a bailiff can only be one who is *appointed*

Pico v. Columbet.

such, or who is made such by the law; which latter instance applies only to a guardian, who is bailiff of his ward, and who is liable, not only for rents and profits actually received, but also for those which he might have received by a proper management of the estate.

"One tenant in common may, by contract, make another his bailiff or receiver; and, if he does, he may bring him to account in this form of action; and probably, also, to avoid a process considered in some degree troublesome, might sue him in *indebitatus assumpsit* as on a promise to account. But this must be for rents and profits actually received beyond his share; for, by the common law no remedy is given for a mere sole use and occupation by one of the tenants; for it is in the power of each tenant at any time to occupy; and the not doing it by one would look like an assent that the other should occupy the whole."

In Woolver *v.* Knapp, (18 Barb. 265) the defendant had enjoyed the sole possession of a farm for five years, the rent and occupation of which was worth two hundred dollars a year. The plaintiffs were his co-tenants, and brought their action of account. The Court decided that the action could not be sustained, holding that one tenant in common who possesses the entire premises, without any agreement with his co-tenants as to his possession, or any demand on their part to be allowed to enjoy the same with him, is not liable to account in an action for their use and occupation. See, also, Nelson's Heirs *v.* Clay's Heirs, 7 J. J. Marsh. 139.

We have treated this case as an action of account at law, but to the same result we should come if the proceeding were in equity. There is no equity in the claim asserted by the plaintiff to share in profits resulting from the labor and money of the defendant, when he has expended neither, and has never claimed possession, and never been liable for contribution in cases of loss. There would be no equity in giving to the plaintiff, who would neither work himself, or subject himself to any expenditures or risks, a share in the fruits of another's labor, investments and risks.

The cases to which our attention has been called, in which equity has sustained an account in favor of one tenant in common, out of possession, against his co-tenant in possession, for the rents and profits,

are, with some exceptions in the Court of Appeals of South Carolina, those in which the account was a collateral incident to a claim for partition, and the rents and profits claimed were due from the defendant as a tenant of the plaintiff's interest, or were received by him when they belonged to both parties, or were the proceeds of their joint labor and expenditures.    Thus, in Pope *v.* Haskins, (16 Ala. 321) the defendant had leased of the complainant his undivided one-third interest in a lot belonging to the parties as tenants in common, and upon the expiration of the lease had rented out the lot to a third party, and received the entire profits, and the bill was filed to obtain an account of the rents and profits, and for a partition of the property.

In Hoffman *v.* Osborne, (4 Paige, 336) the bill was filed for the partition and sale of a lot of land, and an account of the rents and profits, and the account directed was of the rents and profits *received* by any of the parties, not of the profits made in the use and occupation of the premises.

In Turner *v.* Morgan, (8 Vesey, 143) the bill prayed partition of a house at Portsmouth, and an account of the rent, under the following circumstances :    The house was decreed to three persons, equally to be divided.    The plaintiff purchased two-thirds.    The defendant was tenant of the house under a lease of (£22) twenty-two pounds a year, and refusing to raise the rent, the plaintiff brought ejectment for his two-thirds.    The ejectment was defeated, the defendant purchasing the remaining third.    Upon this, the bill was filed.    The Chancellor allowed a partition.    No question appears to have been made upon the right of the plaintiff to an account, the defendant having been tenant under the lease ; and the Chancellor observed, in relation to the account, that there was a *possible* distinction between the time during which the defendant was tenant, and the time since he became owner, but that justice would be answered by inquiring what would have been a reasonable rent in each year the account was sought.

The doctrine laid down by the Court of Appeals of South Carolina, as to the liability of one co-tenant to another, is believed to be peculiar to that Court.    In Hancock *v.* Day, Thompson *v.* Bostic, and Holt *v.* Robinson, (1 McMullen Eq. Rep. 69, 75 and 475) it was held, that as between tenants in common, the occupying tenant is liable for rent

of so much of the premises as was capable of producing rent at the time he took possession, but not liable for that which was rendered capable by his labor.    The reasons upon which these decisions rest do not commend themselves to our judgment, and are insufficient to overcome the force of the English, Massachusetts, New York and Kentucky authorities.

The demurrer should have been sustained; but as the same result was obtained by a judgment rendered for the defendant on the merits of the case, it will be sufficient to direct the affirmance of the judgment.