Upon the whole case, I see no error calling for a reversal of the judgment, and am of the opinion that it should be affirmed, with costs.

All concur.　　　　　　　　　　　　　　　　　　Affirmed.

---

HANNAH TOBIAS, Appellant, *v.* ANN E. COHN AND WILLIAM COHN, Respondents.

The declaration by a testator in his will that his purpose in devising to his widow a life estate in a dwelling is to provide her with a suitable residence, is not sufficient to cut down the gift to a mere right of personal occupancy.

The right of action against a trespasser, for a mere injury to the possession of property demised, is in the tenant and not in the lessor.

APPEAL from the Supreme Court. The action was trespass, for entering a yard or garden in the possession of the plaintiff, erecting a fence across it and depriving her of the use of more than half the premises. On the trial before Judge INGRAHAM, at the New York Circuit, it was proved that the plaintiff was the widow of Silas Tobias, deceased; that at the time of his death and for some time prior thereto, he owned two lots on Fourth street, New York, and three buildings erected on the front portion of such lots; that he occupied part of the house known as No. 615, as his dwelling, and the whole of that part of the lots in the rear of the three buildings as his yard; that, as well before as after his death, it was inclosed and used as a garden, and that it contained choice plants, fruit trees and shrubbery, and was bounded by an outer hedge.

By his will, he gave to his widow the free use and enjoyment of the portions of the house they then occupied as a residence, "with the right to the front basement and yard, now in use and enjoyment by herself and me, being the same premises now occupied and enjoyed by herself and me at the date hereof, to have and to hold the same during the full period of her natural life, and till after her death and burial." There was also a provision that she might have in lieu thereof, at her election, any other suitable residence in

any other house belonging to him at his decease; but it did not appear that she had availed herself of this provision.

In May, 1858, the plaintiff rented the premises, including the yard or garden, to a Mrs. Needham, at $200 a year. In the month of October following, and while the property was in the possession of the lessee, the defendant Mrs. Cohn, who was a daughter of the testator, caused a fence to be erected across the garden, and destroyed the plants and shrubbery in that portion of it, not immediately in the rear of No. 615.

The widow notified her to take down the fence, and Mrs. Cohn said she would do so, if the plaintiff wanted to come back there to live. The tenant, after the fence was erected, refused to pay the agreed rent, and the plaintiff then rented the premises to her at the reduced rate of $14 a month.

Upon these facts the court dismissed the complaint, and the decision was sustained on appeal to the General Term.

*Justus Palmer,* for the appellant.

*John C. Dimmick,* for the respondents.

PORTER, J. The plaintiff was entitled to the use of the entire garden, as it had been occupied previous to the testator's death. She had a life interest in the premises; and, though the declared purpose of the gift was to provide her with a residence, there was no limitation of the estate to a mere right of personal occupancy. She was at liberty to rent the premises; but, when she did so, she parted with her possessory interest during the term of the lease. The court was right, therefore, in dismissing the complaint. The action was for an injury to the possession, which was in the tenant, and not in the plaintiff. (*Holmes* v. *Seeley,* 19 Wend., 507.)

There could not be a recovery for injury to the inheritance, as there were no allegations in the complaint, either of the destruction of the fruit trees and shrubbery, or of the reversionary interest of the plaintiff in the premises.

The judgment should be affirmed.

GROVER, J., also read an opinion for affirmance.

Judgment affirmed.