EMERSON K. WILSON, and others, *vs.* EDWARD B. CURTIS.

Washington.   Opinion June 23, 1897.

*Will.   Life Estate.   Use.   Occupation.*

Upon a writ of entry to recover the lower story of a store, it appeared that the
testatrix in her lifetime owned the premises in fee.   The plaintiffs were her
residuary devisees, and claimed title to the premises under the will.   The
defendant claimed title as assignee of the husband of the testatrix, to whom
she made the following devise, viz :   " I give, bequeath and devise to my
beloved husband, Emery S. Wilson, the house-lot and buildings thereon in
Cherryfield now occupied by us, together with all personal property appur-
tenant and belonging to the same, except such as may hereafter be
bequeathed otherwise herein.   Also the use and occupancy of the lower half
of the store as now occupied by him."

*Held* ; that the husband acquired a life estate in the demanded premises.

*Also* ; that a devise of the use and occupancy of land passes an estate in the
land and consequently a right to let or assign it, and is not confined to the
personal use or occupancy of the property, unless the context clearly calls
for a more limited construction.

ON REPORT.

This was a writ of entry to recover the ·lower story of the
Wilson store in Cherryfield.   Plea, the general issue.

The question at issue was whether Emery S. Wilson, husband of
the late Deborah S. Wilson, took an estate under the will of his
wife that passed by assignment to the defendant.

The material portions of the will of Deborah S. Wilson are as

follows: "I give, bequeath and devise to my beloved husband, Emery S. Wilson, the house-lot and buildings thereon in Cherryfield now occupied by us, together with all personal property appurtenant and belonging to the same, except such as may hereafter be otherwise bequeathed herein. Also the use and occupancy of the lower half of the store as now occupied by him.

"To my beloved daughters Flora and Hattie I give and bequeath the use and occupancy of the upper half of said store, together with all the goods and furniture in said upper half. I also give and bequeath to my said daughter Flora the chamber-set, bed, bedding and other furniture, and also the chamber occupied by her, also my watch and sewing machine; to my said daughter Hattie I also give and bequeath the chamber-set, bed, bedding and other furniture, and the chamber now occupied by her, also my cabinet organ; including also to my said daughters Flora and Hattie, the use and occupancy of such other portions of my dwelling as they may require during their pleasure.

"Wishing to divide the remainder of my estate equally among my eight children and having this day given to my beloved son Emerson what I——his just share of the same, I hereby will, bequeath and devise the remainder of my estate real, personal or mixed, wherever situated or however described to my children, Joseph, Judson, William, Mary, Irene, Flora and Hattie in equal shares."

By a codicil subsequently executed the testatrix made the following change: "Whereas by my said will I gave and bequeathed to my husband, Emery S. Wilson, the house-lot and buildings thereon in Cherryfield now occupied by us together with all personal property belonging to the same, now I do hereby make and declare this writing to be a codicil to my last will and testament, to be annexed to and taken as a part thereof, and I do revoke said bequest and give, bequeath and devise to my beloved daughters Irene, Flora and Hattie the said house-lot, buildings and personal property in equal shares subject to subsequent provisions in said will."

*H. H. Gray*, for plaintiff.
*C. B. Donworth*, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, SAVAGE, JJ.

WHITEHOUSE, J.   This is a writ of entry to recover the lower story of the Wilson Store in Cherryfield.   The case is reported to this court on the following statement of facts:

Deborah S. Wilson in her lifetime owned the premises in fee. The plaintiffs are her residuary devisees, and claim title to the premises under her will.   The defendant claims title as assignee of Emery S. Wilson, to whom Deborah made the following devise, viz: "I give, bequeath and devise to my beloved husband, Emery S. Wilson, the house-lot and buildings thereon in Cherryfield now occupied by us, together with all personal property appurtenant and belonging to the same, except such as may hereafter be bequeathed otherwise herein.   Also the use and occupancy of the lower half of the store as now occupied by him."

The question at issue is whether Emery S. Wilson took an estate in the store, under the will of Deborah, that passed by assignment to the defendant.   It is not contended by the defendant that Emery S. Wilson took a fee in the lower half of the store; but it is the opinion of the court that he acquired a life estate in the demanded premises by virtue of the clause in Deborah's will above recited, and that this interest passed to the defendant by force of the assignment named.

The intention of the testatrix must be gathered from the whole will taken together, all its parts being construed in relation to each other, and interpreted in the light of the existing circumstances.

A comparison of the different items and clauses of the will in question reveals a clear intention on the part of Deborah S. Wilson to make a distinction between the quality of the interests given to her daughters in the dwelling-house, and the estate devised to her husband in the same premises, and also between the estate given to her husband in the homestead and that given to him in the lower half of the store.   She gives and devises to her "beloved husband" "the house-lot and buildings thereon" now

occupied by them in Cherryfield; also "the use and occupancy of the lower half of the store as now occupied by him." She gives to her daughter Flora "the chamber now occupied by her," and to Flora and Hattie the use and occupancy of such other portions of the dwelling-house "as they may require during their pleasure." . . .

It is a familiar and well-settled rule of law that a gift of the income of real estate is a gift of the real estate itself. A gift of the income for life is the gift of a life estate, while a gift of the perpetual income is a gift of the fee. *Sampson* v. *Randall*, 72 Maine, 109; *Fuller* v. *Fuller*, 84 Maine, 475.

The absolute devise of the homestead to her husband was manifestly designed by the testatrix, and effectually operates as a gift of the fee, while the employment of the terms "use and occupancy" in the devise of the lower half of the store, as clearly indicates a purpose to give him a different estate in those premises. But a comparison of the terms of this devise, with the language of the devise to the daughters above mentioned, further discloses an intention on the part of the testatrix to give her husband the right to enjoy the income of the lower half of the store during his life-time, and not to restrict his enjoyment of the use of it to the period of his personal occupancy. "A devise of the use and occupancy of land passes an estate in the land, and consequently a right to let, or assign it, and is not confined to the personal use or occupation of the property, unless the context clearly calls for the more limited construction." Jarman on Wills, (6 Am. Ed.) 759; *Whittome* v. *Lamb*, 12 M. & Wels. 813; *Rabbeth* v. *Squire*, 19 Beav. 70; *Mannox* vs. *Greener*, L. R. 14 Eq. 456; Schouler on Wills, § 503.

It has been seen that upon a comparison of the different parts of the will in question, there is nothing in the context which calls for the more limited construction; but on the contrary, a careful examination of the several items and clauses shows a plain intention to give a life estate, and only a life estate, in the demanded premises. The entry must therefore be,

*Plaintiffs nonsuit.*