# Russell *v.* Andrews, *et al.*

### *Statutory Action of Ejectment.*

1. *Will; construction thereof; rights of husband surviving wife who was legatee.*—A will contained the following provisions relating to the rights of the testator's married daughter and and her husband: As soon as convenient after the testator's death, his married daughter and her husband should move into and occupy testator's residence; and he gave to said daughter and her husband the use of a certain eighty acres of one of his plantations, until his executors should accumulate from the rents and profits of his property $1,200, at which time the executors should invest said sum in real estate as selected by them and said daughter, the title thereto to be in the daughter for life, with remainder over to her children Upon the accumulation of said sum and its investment as directed, then the right of said daughter to occupy the residence, "and to have the use of said eighty acres of land, together with any right or claim of her husband thereto, shall cease and determine." It was further povided in said will that when the testator's youngest child ar-

rived at the age of 21 years, or when all of his children shall have married, then his executors shall sell all of his property, and divide it equally among his children, special directions being given for the distribution; and that in the event said married daughter should die leaving no child or children surviving her, then her share of the estate should revert back and become a part of the original estate, to be distributed as directed among his other children    *Held:*

(1.) Under the provisions of the will, the testator's married daughter and her husband acquired the residence and the eighty acres of land attached thereto by moieties, and they had the right to occupy, use and enjoy, and to receive the profits and rents of, said property until the other lands were purchased for her as directed by the will, or until the arrival of the time fixed for the final sale and distribution of all of the testator's property.

(2.) That on the death of the married daughter before the other lands were purchased for her and before the arrival of either of the alternative periods fixed by the will for the sale and distribution of the testator's estate, her husband was entitled to the possession and use of the residence and said eighty acres of land in his own right and by inheritance from his wife.

(3.) The item of the will providing for the reversal of her interest in the estate upon her death without issue surviving her, does not affect the right of her husband to the use of said residence and eighty acres; but this right continued in the husband during his life or until the arrival of one of the alternative periods fixed by the will for the sale and distribution of the testator's estate.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. A. T. BORDERS, Special Judge.

This was a statutory action of ejectment, brought by the appellees, W. D. Andrews and L. E. Andrews, as executor and executrix of the last will and testament of William Andrews, deceased, against one John Collier. Upon the suggestion that the defendant Collier was in possession as the tenant of L. A. Russell, the latter was made a party defendant.

The case was submitted for trial upon an agreed statement of facts. It appeared in this statement that W. A. Andrews died in the year 1881, leaving a last will and testament. The will, so far as is necessary to be set forth in the present case was substantially as follows: Paragraph one provides for the payment of debts. Paragraph two provides for the purchase of a home for the

[Russell v. Andrews, *et al.*]

testator's widow for life and minor children during minority, or until married. Paragraph three is copied in full in the opinion. Paragraph four provides for keeping of the estate together and for its management, sale, reinvestment, &c. Paragraph five provides for the maintenance and education of minor children. Paragraph six is sufficiently shown in the opinion. Paragraph 7 and 8 were as follows :

"Paragraph Seven. When my youngest child arrives at the age of twenty-one years, or when all of my children shall have married, then in either of said events my executrix and executor are directed to sell all of the real and personal property then held by them as such ; except the home provided for my said wife and children by paragraph two of this my will, unless my said wife is then dead or some of my said children are minors or unmarried, on such terms as they may select, either for cash, or part cash and part on credit or wholly on credit ; but if on credit then such credit shall not be over two years, and notes with security to be approved by them to be given by the purchaser or purchasers of said property. And the proceeds of said sale when all are collected shall be distributed by my said executrix and executor as follows : First. My said wife as to said distribution to be considered as one of my children and to receive a child's share of said proceeds absolutely and in her own right. And if a child's share so to be received by her does not amount to the sum of five thousand dollars, then and in that event, I direct my executrix and executor after deducting her share as above stated from said proceeds of sale, to take from the remainder of said proceeds of sale, an amount of money which with the amount of the child's share to be received by my said wife as herein stated absolutely, will make said sum of five thousand dollars. And said sum so taken to make up said sum of five thousand dollars, shall be invested by my executrix and executor in real or personal property and titles to such property taken in their names, and the rents, incomes, and profits of said property as they may accrue, to be paid over to my said wife during her lifetime. Second. The balance of said proceeds of said sale to be distributed equitably

among all of my children, including my daughter Dora and my son William D., provided, however, that such child or children who shall have received an advance under paragraph six of this my will, shall on said distribution be charged up with such advance, and the legal interest thereon from the time said advance was so received, as a portion of such child or children's distributive share in my said estate. And such child or children so receiving said advance shall not be entitled to receive any further advance on his or her share, until the child or children who have not received any advance, or who have not received the full amount of said advance, shall receive a sum out of said proceeds of sale which taken by itself or being added to the amount which may have been previously advanced to her or him, including interest from the time said advance was so made, shall make all of said children equal, and then after all have been made equal, the balance to be distributed between them share and share alike.

"Paragraph Eight. If at the time said sale of the real and personal property is authorized to be made by executrix and executor under paragraph seven of this my will, my wife is still living, then my said executrix and executor are not to sell the house and tract of land to be provided for my said wife under paragraph second of this my will, but on the death of my said wife, if her said death occurs subsequently to the sale authorized under paragraph seven of this my will, my surviving executor is authorized and directed to sell said tract of land so provided for a house, and also the property in which the surplus to make up the sum of five thousand dollars was invested as by paragraph seven of this my will, as he may deem best, but not on a credit of over twelve months. And the proceeds of said sale to be distributed between my children equitably and as directed by this paragraph of this my will."

Paragraph nine invests all the powers granted to the executors in either of them, or in the survivor, or in an administrator with the will annexed. Paragraph ten appointed W. D. Andrews as executor and L. E. Andrews executrix. Paragraph eleven is sufficiently shown in the opinion.

After setting out the will at length, the agreed statement of facts then continues as follows : "The will was regularly probated in Barbour county, Alabama, on the —— day of ——, 1881, and L. E, Andrews and W. D. Andrews entered upon their duties as executrix and executor of said will and are still acting in that capacity, the will not having yet been fully executed.   Under the provisions of the will Dora Russell and her husband, L. W. Russell, entered into the possession of the lands sued for, the same being the residence and the eighty acres of the home place mentioned in said will, and in the year 1884 moved away from said lands and rented them to a tenant and received the rent therefrom.   On February 11, 1885, Dora Russell died leaving surviving her her husband, L. A. Russell, the defendant in this cause, and a son, James Alfred Russell.   L. A. Russell for his said son continued to rent out said lands and receive the rents therefrom till August 10, 1895, when his said son, James Alfred Russell, died.   L. A. Russell continued to rent out the lands till this suit was brought against his tenant John Collier, and upon motion of L. A. Russell he is let in to defend."   This was all the evidence in the case.   Thereupon, the court at the request of the plaintiffs, gave to the jury the following written charge : "If the jury believe the evidence, they will find for the plaintiffs as to the land sued for."   To the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiffs. The defendant Russell appeals and assigns as error the giving of the general affirmative charge at the request of the plaintiffs.

ALSTON & PEACH, for appellants.

G. L. COMER, *contra*.

HARALSON, J.—The object of the present suit is to construe section three of the will of William A. Andrews, in connection with its other provisions.   That section reads as follows : "As soon after my death as convenient, I desire my daughter, Dora Russell, and her husband [who was L. A. Russell, the appellant] to move to and

occupy my present residence, and I give, devise and bequeath to them, the use of eighty acres of my home plantation, and on the south side of said plantation, adjoining the Knowles place, until my executrix and executor shall have accumulated from the net income, rents and profits of the real and personal property, the sum of twelve hundred dollars, over and above the amount necessary to carry out the provisions of this will. And when said twelve hundred dollars is so accumulated, my executrix and executor are directed to invest the same in real estate wherever they and my said daughter, Dora, may desire to purchase and locate the same. The title to said real estate so to be taken, that my said daughter, Dora, shall have only a life estate therein, and at her death to revert to her children. And it is directed, that as soon as said twelve hundred dollars is accumulated, and a reasonable time to invest the same as herein stated has elapsed, then the right of my said daughter, Dora, to occupy my said residence, and to have the use of said eighty acres of land, together with any right or claim of her husband thereto, shall cease and determine.''

From the whole will it is manifest, that the testator, who was a married man, was the owner of very considerable property, real and personal; that he had a number of children,—how many not stated,—and that he desired his estate to be ultimately distributed, share and share alike, between his children. His wife was provided for on terms fully equal to his children, but she was to have only a life estate in the property set apart to her. As the children arrived at the age of twenty-one, or married, each was to receive twelve hundred dollars, which was to be considered an advancement, on which interest was to be charged, to the time of final settlement, to produce equality of shares in the end, as provided in paragraphs seven and eight of the will, which will be set out in the report of the case.

As to his daughter, Dora Russell, in addition to the foregoing provision for her, contained in paragraph three of the will copied in full above, appear two other provisions; the first appearing at the conclusion of paragraph six, as follows: ''And the said twelve hundred dollars to be invested by my executrix and ex-

ecutor, in real estate for my said daughter, Dora, as stated in paragraph third of this my will, is to be regarded and considered as an advance to her on her share in my estate, under and subject to the provisions of this paragraph of my will." The other provisions of said paragraph six referred to, were in reference to directions for the payment to each of his children, twelve hundred dollars as they respectively arrived at age or married, on which advancement they were to be charged eight per cent interest up to the final settlement of the estate. The other, second direction as to said Dora, is contained in the eleventh paragraph as follows : "And it is further expressly provided, that if my said daughter, Dora Russell, should die and not leaving surviving her any child or children, then and in that event, the share of my estate herein provided for her, shall revert back and become a part of my original estate, and shall be distributed among my heirs as required by paragraph seven of this my will."

It appears that testator's will was duly probated in 1881 ; that the executors named qualified and entered on the discharge of their duties, are still acting as such, and that said will has never been fully executed. It is not shown that the testator's youngest child has arrived at the age of twenty-one years, nor that all of his children have married ; the alternative periods fixed by the will in its seventh section, for a sale and distribution of his estate.

It is shown that said Dora and her husband, the appellant, after the death of testator, entered into the possession of the lands sued for, the same being the residence and the eighty acres of the home place, mentioned in paragraph three of the will ; that in the year 1884, they moved away from said lands and rented them out to a tenant and received the rents therefor until the death of said Dora, which occurred in 1885 ; that said Dora left surviving her, her said husband and a son, James A. Russell ; that appellant, for his said son, continued to rent out said premises and to receive the rents therefrom, till August 10th, 1895, when his said son, James, died ; and that appellant continued to rent out

[Russell v. Andrews, *et al.*]

said lands until this suit was brought against his tenant, John Collier, for whom, on motion, he was let in to defend.

It is not shown, that the executors ever invested twelve hundred dollars in another home for said Dora as they were authorized and directed to do in paragraph three of the will, on which happening, as therein provided, the right of testator's said daughter, Dora, and her husband to occupy and use his said residence and eighty acres of land, should cease and determine. The place provided to be purchased in lieu of the home place was for said Dora for life, and at her death to go to her children. Her husband was to have no interest in it. The foregoing provision may, therefore, be allowed to pass from view, as affecting the previous provision of section three, in favor of Dora and her husband to the residence and eighty acres of land, for it is clear, that until the executors purchased another place for them as directed, which they did not do, and which by her death was rendered impracticable, they were to be allowed to occupy and use said residence and eighty acres of land.

The other said provision as to said Dora, found at the conclusion of the eleventh paragraph of the will, copied above, has no reference to the occupancy and use by her and her husband of the residence and eighty acres of land, but has reference entirely to her general share of the estate, directing that whatever she received of the estate, in the event she should die without leaving a child, should revert to his estate and be distributed among his children as directed in paragraph seven of the will.

It does not appear, that his said daughter at any time during her life, received any part of the estate of her father, the testator. The only provision for her benefit arising under said will, of which she became the recipient, so far as shown, was the occupancy by her and her husband of the residence and the land attached.

This brings us to consider, what right the appellant acquired under said paragraph three of the will. That paragraph gave said Dora and her husband,—to quote the language of the will,—the right "to move to and occupy my present residence," etc. This they did. It further provides as to said premises: "I give, devise

and bequeath to them (my said daughter, Dora Russell, and her husband) the use of eighty acres of my home plantation, [the land sued for], * * * until my executrix and executor shall have accumulated from the net-rents and profits of the real and personal property, twelve hundred dollars," to invest in another place for them, as in said section provided, at which time, "the, right of my daughter, Dora, to occupy my said residence, and to have the use of said eighty acres of land, together with any right or claim of her husband thereto, shall cease and determine." The word "use," as employed by the testator in that provision of his will, means the right to occupy, enjoy, and to receive the profit or benefit of lands or tenements.—*Thompson v. Thompson*, 107 Ala. 163.

The residence and land attached were given to the husband and wife. They took under the will, not of entirety, as at common law, but, under the statute at that time, they acquired the estate by moieties. On the death of Mrs. Russell intestate, her interest in the home tract being her separate estate, her husband, under the statute, was entitled to the use of her part of the realty during his life, but neither acquired a right thereto beyond the limit fixed by the will for the sale of all property, and the distribution and settlement of the estate as provided by section seven of the will. Until that time, unless he shall sooner die, the defendant is entitled to the possession and use of said property in his own right, and by inheritance from his wife.—Code, 1867, § 2379 ; *Walthall v. Goree*, 36 Ala. 728 ; *Whitlow v. Echols*, 78 Ala. 209 ; *Houston v. Williams*, 81 Ala. 482.

Judgment should have been rendered for the defendant, and not for the plaintiffs.

Reversed and remanded.