[Civ. No. 14437.   Second Dist., Div. Two.   July 3, 1944.]

LEWIS ROBINSON, Appellant, v. THERESA ROBINSON, Respondent.

Willis O. Tyler for Appellant.

Thomas L. Griffith, Jr., for Respondent.

WOOD (W. J.), J.—In this action to quiet title plaintiff has appealed from a judgment awarding to defendant a life interest in the real property which is the subject of the litigation.

An interlocutory decree was awarded to Theresa Robinson, defendant herein, on June 10, 1942, she having theretofore commenced an action against plaintiff for separate maintenance in which she later changed her prayer to ask for a divorce. In the divorce action she listed various properties of the parties, some of which she alleged to be community property. She specifically alleged that the real estate which

is the subject of the present litigation was the separate property of the plaintiff herein, Lewis Robinson. A cross-complaint was filed in the divorce action and the court in its interlocutory decree of divorce ordered the plaintiff herein to pay to defendant herein the sum of $12.50 per month until the further order of the court and also gave her "the right to remain in and to continue to reside and enjoy possession of the premises she now occupies at 1609 East 110th Street, Los Angeles." A part of the community property was awarded to each of the parties. In the final decree of divorce, which was entered on June 17, 1943, no reference was made to the real property involved in this action.

The present action was commenced on January 12, 1943. By its judgment entered on October 5, 1943, the court decreed that plaintiff is the owner in fee of the land described in the complaint, "subject however, to a life estate therein of defendant Theresa Robinson during her natural life to use the improvement thereon consisting of a dwelling known as 1609 East 110th Street, Los Angeles, California."

The power of the court in disposing of the property of the parties in a divorce action is limited to their community property. In such a proceeding the court has no power to dispose of the separate property of one of the parties, nor to carve out a life estate therein. (*Roy* v. *Roy,* 29 Cal.App.2d 596 [85 P.2d 223].) In the divorce action of the parties to the present litigation no issue was made concerning the ownership of the real estate in question, for it was specifically alleged by the wife that the realty was the separate property of the husband. The court therefore was without jurisdiction to award to the wife a life estate therein.

The judgment is reversed. The purported appeal from the order denying a motion for a new trial is dismissed.

Moore, P. J., and McComb, J., concurred.