[Civ. No. 3389.   Fourth Dist.   June 3, 1946.]

LOUISE F. SCHELL, Respondent, v. EDWIN W. SCHELL, Appellant.

R. M. Switzler for Appellant.

Vincent Whelan for Respondent.

GRIFFIN, J.—Plaintiff wife originally filed an action for separate maintenance against defendant husband. In an amended complaint she asked for a divorce on the ground of extreme cruelty, or in the alternative for support for herself and four minor children.

Defendant answered, and by way of cross-complaint sought a divorce on the same ground and the custody of the children. The parties were living separate and apart at the time of the filing of the action.

After issue joined, the trial court found the allegations of each party to be untrue, denied each a divorce and awarded the custody of the two daughters to plaintiff and the two sons to defendant, with reciprocal rights of visitation. It found that defendant had an average monthly income in excess of $650; that the parties owned, as joint tenants, a home in Coronado; and that plaintiff "should be permitted to continue to live . . . there . . . rent free," and that said minor daughters should live with her; that defendant pay $150 per month for maintenance of plaintiff and two daughters in addition to their right to occupy the home "together with its furniture and furnishings, without expense for the occupancy of said home" and defendant "shall pay the necessary expense of preserving said home. . . ." Payments were to continue so long as plaintiff continued to occupy it. A judgment to this effect was entered on October 20, 1944.

On March 19, 1945, a complaint or petition for accounting was filed by defendant, alleging the proceedings and judgment above mentioned and that defendant had complied with its terms. It is then alleged that about September 1, 1944, plaintiff changed the form of the " 'family home' in that she converted the same into a partial rooming house or apartment house on a business basis, by the terms of which she is and has been, since said time, receiving rentals, the exact amount being unknown to defendant. That one-half of said rentals, less a proportion of the expenses in managing said business

venture is the property of the defendant, a claim for which he has made to the plaintiff who refused and still refuses to account to Defendant or to in any way account to him for any of the proceeds derived from said venture." He prayed for an accounting "as to the use of said jointly owned property," and that plaintiff pay to him such sum as may be found due.

Plaintiff answered the petition and denied that she had substantially changed the form of her family home, or that she had converted the same into a rooming house or apartment house. She alleged that there was a critical shortage of living accommodations in the city of Coronado and that she considered it a proper thing that she should open her home to persons of respectability to use certain rooms which were not being used by herself and family. She denied that the defendant was entitled to any part of the income received by her, but alleged that she had no wish to make any concealment as to the amount of said income, or of the various items of cost in connection therewith, and that without admitting any obligation to share said income with the defendant, she annexed to the petition a list of expenses in connection with the necessary maintenance of the property and in preparing it for the renting of the rooms. The list of expenses was attached to the petition and shows expenditures in excess of $357 charged against an approximate income of $452. A claim of 25 per cent of the amount of receipts is made for management by the plaintiff.

The matter came on for hearing upon the pleadings thus filed. Objection was made to the reception of any evidence by the petitioner. The objection was sustained for the reason that the petition did not state facts sufficient to constitute a cause of action. Defendant appealed from a judgment of dismissal, and now argues that the husband, being a joint tenant, out of possession, can require his wife, as the other joint tenant in possession, to account for rents collected for the property from third persons to whom a part of the property was leased, citing *McWhorter* v. *McWhorter,* 99 Cal.App. 293 [278 P. 454] ; *Robinson* v. *Robinson,* 65 Cal.App.2d 118 [150 P.2d 7] ; *Spahn* v. *Spahn,* 70 Cal.App.2d 791 [162 P.2d 53] ; and *Siberell* v. *Siberell,* 214 Cal. 767 [7 P.2d 1003].

It is plaintiff's contention that the provision of the judgment entitled her to occupy the real property described exclusively, so far as the defendant is concerned; that such right

of occupancy is not consistent with the right of defendant to make any claim for rents of the premises, for the reason that the right of possession or occupancy connotes a right to enjoy the rents, issues and profits thereof; that the plaintiff took roomers in the family home and there was not created between plaintiff and such roomers any relation of landlord and tenant and that the occupancy by plaintiff of the premises continued to be exclusive and personal; that the right to the use and occupancy of the premises included the right to let or assign it, and was not confined to the personal use or occupancy of the property by the plaintiff, citing *Russell* v. *Andrews,* 120 Ala. 222 [24 So. 573]; *Tobias* v. *Cohn,* 36 N.Y. 363; and *Wilson* v. *Curtis,* 90 Me. 463 [38 A. 365].

The case of *McWhorter* v. *McWhorter, supra,* relied on by defendant, was an action in partition where the parties held title in joint tenancy. It was there held that the defendant was not liable to plaintiff for the rental value of the premises while defendant was using them for his benefit alone, and that one tenant may not maintain an action against his cotenant, who is in sole possession of the property, to recover rent for the cotenant's occupancy of the property, or for profits derived from the property by means of the occupant's own labor, nor can a tenant maintain an equitable action for accounting against his cotenant, who is in the exclusive possession of the property, for rents or the profits of his own labor. It was likewise held that there was an exception to the general rule where the rents collected from the property were paid by a third party to whom the property was *leased.* The question here presented is whether the undisputed facts set forth in the pleadings bring defendant's case within the exception noted. It is apparent in this case that there was only a letting of a small portion of the premises which plaintiff was entitled to occupy, to the exclusion of her cotenant, under the court order. There was no *leasing* of the property in its entirety to third persons. Plaintiff continued to occupy the premises as a "family home." It cannot be said that the nature of plaintiff's occupancy has been modified or changed. Housing conditions during the war period and the expense of maintaining herself and minor children during that period prompted her to make certain expenditures on the common property and to take in a few roomers to pay for the improvements made to the property and to enhance the income of herself and children.

In *Roberts* v. *Casey*, 36 Cal.App.2d Supp. 767 [93 P.2d 654], the court reviewed the nature of the relationship between a lodger or guest in the home of another as distinguished from the relationship created by a lease between a landlord and tenant. The court quoted from 1 McAdam on Landlord and Tenant, fifth edition, page 229, to the effect that "Guests in a hotel, boarders in a boarding house, and roomers or lodgers, so called, are generally, mere licensees and not tenants. They have only a personal contract and no interest in the realty." In the instant case the presence of such roomers in the premises was not, in a strict sense, either a possession or occupancy of such premises. The plaintiff, therefore, at all times, in strictness, retained possession and occupancy of the entire premises.

Before an action for an accounting may be maintained by one cotenant against the other cotenant, who is in sole possession of the entire premises, to recover a share of the profits received, the complaint must show or aver that the defendant occupied the premises upon some agreement with the plaintiff as receiver or bailiff of his share of the rents and profits. (*Pico* v. *Columbet*, 12 Cal. 414 [73 Am.Dec. 550]; *Howard* v. *Throckmorton*, 59 Cal. 79.)

The decree in this action does not place any special limitation on the occupancy of the premises by plaintiff other than to live there "rent free." Defendant had no right of occupancy to any part of the home or to any rooms therein under the decree, or to any income produced therefrom. The court, undoubtedly, intended to give plaintiff full beneficial use of the entire premises so that she would have the right to permit the presence of guests who might be nonpaying, or guests or roomers who might pay, so long as their presence was not inconsistent with the purposes of the court in making its judgment.

In the petition for accounting petitioner alleged that on or about September 1, 1944, plaintiff converted the premises into a partial rooming house and rented some of the rooms therein. It likewise averred that a judgment was entered on October 20, 1944, awarding plaintiff the exclusive right of occupancy of the entire premises; and that judgment has become final. It therefore appears from the pleadings that at the time that judgment was entered the trial judge must have taken into consideration the state of facts alleged to have existed

on or about September 1, 1944, when plaintiff was already renting rooms and appropriating the rents and income therefrom for herself and minor children. There is no proper allegation that defendant, the petitioner herein, is entitled to a proportionate share of that income or that plaintiff is legally obligated to account to him in regard to it. (*Pico* v. *Columbet, supra.*)

Judgment affirmed.

Barnard, P. J., concurred.