[Civ. No. 8484.   Fourth Dist., Div. One.   May 22, 1967.]

EMMA HEBER, Plaintiff and Appellant, v. LILLIAN YAEGER, Defendant and Respondent.

F. Edward Little for Plaintiff and Appellant.

Rimel, Harvey & Helsing, Duffern H. Helsing and Richard N. Rimel for Defendant and Respondent.

COUGHLIN J.—Plaintiff appeals from a summary judgment in favor of defendant directing she take nothing by virtue of her amended complaint for partition and an accounting.

Plaintiff and defendant were joint owners of a life estate in three parcels of real property. Defendant also was the owner

of the remainder estate in these parcels. Vesting of the aforesaid interests occurred by an agreement between the parties dated Aug. 10, 1944. Thereafter plaintiff, whose name then was Steeve, brought an action against defendant for declaratory relief and for an accounting. A judgment was entered therein which, among other things, decreed plaintiff was vested with a life estate in an undivided one-half interest in the property, and settled an accounting between the parties. Defendant appealed. The judgment was affirmed by this court (*Steeve* v. *Yaeger*, 145 Cal.App.2d 455 [302 P.2d 704].)

From the briefs and the record before us it appears that following affirmance of the judgment defendant has been in possession of the property; has operated it; and has made payments to plaintiff from its proceeds. One of the parcels is known as the ''Citrus Ranch Property.'' In 1958, during pending litigation for an accounting instituted by plaintiff, her attorney wrote a letter to the attorney for defendant which contained the following: ''Mrs. Heber will waive any future income from the citrus ranch property so long as it is being operated as a citrus ranch by Miss Yaeger, if she is not charged any portion of the cost or expense of the ownership or operation of said property during said period of time.'' Thereafter plaintiff approved the statement of her counsel in the aforesaid letter. Apparently the suggestion therein made was accepted by defendant and the pending litigation was dismissed. Since that time plaintiff has not been charged any portion of the cost or expense of ownership or operation of the citrus ranch property.

The instant action was instituted to effect a partition of the citrus ranch parcel, and for an accounting by defendant of the income from all three parcels.

Defendant moved for summary judgment upon the ground there was no triable issue of fact in the action, contending partition was not available to plaintiff because she had waived her right thereto by the 1944 agreement; an accounting was not in order because the citrus ranch property was being operated as such pursuant to the 1958 letter-agreement under which plaintiff was not entitled to any of the proceeds therefrom; and as to the other parcels of property defendant had made available to plaintiff all of the books and records reflecting all of the transactions respecting them. The court granted defendant's motion and entered summary judgment decreeing plaintiff take nothing by virtue of her complaint.

262

Well-settled rules governing consideration of a motion for summary judgment are particularly applicable to the case at bench.

A summary judgment is proper only when the affidadavits of the moving party in support of his motion state facts that, if proved, would sustain judgment in his favor, and the opposing party does not show by counteraffidavits the existence of a triable issue with respect to any of these facts. (*Coyne* v. *Kremples,* 36 Cal.2d 257, 261 [223 P.2d 244].) The primary duty of the trial court is to determine whether there is an issue of fact to be tried; "issue finding rather than issue determination is the pivot upon which the summary judgment law turns"; and where a material triable issue of fact exists, the motion must be denied. (*Walsh* v. *Walsh,* 18 Cal.2d 439, 441 [116 P.2d 62].) The affidavits of the moving party are to be strictly construed; those of the opposing party are to be liberally construed; the facts alleged in the latter must be accepted as true; the allegations therein to be sufficient need not necessarily state strictly evidentiary facts; and any doubt is resolved against the moving party. (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264]; *Whaley* v. *Fowler,* 152 Cal.App.2d 379, 381 [313 P.2d 97]; *Kimber* v. *Jones,* 122 Cal.App.2d 914, 919 [265 P.2d 922]; *Gale* v. *Wood,* 112 Cal.App.2d 650, 654 [247 P.2d 67].) Where a fact relied upon by the moving party is premised upon the interpretation of an ambiguous written instrument, a triable issue of fact is presented and the motion must be denied. (*Walsh* v. *Walsh, supra,* 18 Cal.2d 439, 442-444; *Gale* v. *Wood, supra,* 112 Cal.App.2d 650, 656; *Grueninger* v. *Livingstone & Co.,* 90 Cal.App.2d 266, 274 [202 P.2d 785]; *Gibson* v. *De La Salle Institute,* 66 Cal.App.2d 609, 619, 632 [152 P.2d 774].)

Defendant contends summary judgment denying partition was proper because plaintiff's right thereto was foreclosed by the agreements of 1944 and 1958. The applicable general rule is that the right of a cotenant to partition is absolute except where denied or limited by agreement expressed or implied. (*Pine* v. *Tiedt,* 232 Cal.App.2d 733, 738 [43 Cal.Rptr. 184]; *Schwartz* v. *Shapiro,* 229 Cal. App.2d 238, 253 [40 Cal.Rptr. 189]; *Thomas* v. *Witte,* 214 Cal.App.2d 322, 330 [29 Cal.Rptr. 412]; *Miranda* v. *Miranda,* 81 Cal.App.2d 61, 68 [183 P.2d 61].) Thus partition may not be had without consent where it would conflict with a previous agreement of the parties to the use of the property. (*Ibid.*)

Under such circumstances the party seeking partition is held to be estopped to assert or has waived such. (*Pine* v. *Tiedt, supra,* 232 Cal.App.2d 733, 738; *Thomas* v. *Witte, supra,* 214 Cal.App.2d 322, 330; *Miranda* v. *Miranda, supra,* 81 Cal.App.2d 61, 68.) Neither the agreement of 1944 nor that of 1958 clearly indicate an intention that the subject property should be restricted to a use foreclosing its partition. The judgment in the declaratory relief action decreed the interest of plaintiff in the property to be "a life estate in and to an undivided one half interest". (*Steeve* v. *Yaeger, supra,* 145 Cal.App.2d 455, 459.) The contention of defendant in that action that the 1944 agreement gave plaintiff only the right to share in the net income from the property during her life was rejected. It appears defendant has remained in possession of and operated the property, allegedly giving plaintiff the latter's share of the rents and profits. Under the 1944 agreement each of the parties was entitled to possession of and to operate the property. Such a situation does not differ from that involving the usual tenancy in common. The agreement does not expressly provide that either or both of the parties must operate the property. Defendant's contention that the parties agreed the property should be maintained and operated in order that the rents and profits therefrom might be divided between them for the life of the plaintiff, at most, is premised upon a claimed interpretation of the agreement. Plaintiff contends, in substance, the agreement conferred upon her a life estate in a one-half interest in the property which entitled her to partition under the general rule. (Code Civ. Proc., §§ 752 and 781; *Cunningham* v. *Frymire,* 160 Cal.App.2d 726, 730 [325 P.2d 555].) The 1958 letter-agreement did not confer or impose additional rights or obligations upon the parties which proscribed the right to partition. Contrary to defendant's concept, that agreement did not confer upon her the right to operate the citrus ranch property as a citrus ranch during the remainder of plaintiff's life. Instead, by that agreement plaintiff waived her right to any income from that property during the time it was operated as a citrus ranch by defendant provided she was not charged any portion of the costs or expenses of ownership or operation thereof during that time. Although the agreement impliedly confers upon defendant the right to operate the property as a citrus ranch, it does not confer this right for any designated time. On the other hand, the agreement does not purport to deprive plaintiff of her right as a cotenant to

participate in the operation of the property. Any contention of defendant to the contrary must be premised upon an alleged ambiguity or uncertainty in the agreement with consequent proof of the intention of the parties in the premises and the incident triable issue of fact. Defendant's contention the provisions of the 1944 and 1958 agreements respecting particular uses of the property implied a waiver of the right of the parties to partition is predicated upon triable issues of fact respecting the intention of the parties to those agreements.

The accounting causes of action are predicated upon plaintiff's claim defendant has been in possession of and has operated the subject properties; upon an alleged breach of the 1944 agreement; and upon the right to an accounting under various theories of law.

In light of the fact defendant operated the citrus ranch property as a citrus ranch and did not charge any portion of the cost or expense of ownership or operation thereof to plaintiff by virtue of the 1958 letter-agreement, plaintiff is not entitled to any of the profits of that operation. As a consequence, plaintiff is not entitled to an accounting respecting the operation. However, the situation is different with respect to the other parcels of property from which defendant has received rents and profits that are subject to the claims of plaintiff under her life estate.

Under the record in the case at bench, plaintiff is entitled to an accounting for the rents and profits in question under several applicable theories of law the application of which is dependent upon the outcome of triable issues of fact. The 1944 agreement contemplated an income-producing use of the property and provided accounting procedures for the management and maintenance thereof but did not designate by whom the property was to be used or the person to whom the accounting was to be made. As noted, it appears defendant always has been in possession of and has operated the properties. Whether she did so pursuant to the provisions of the 1944 agreement, premised upon the ambiguous or uncertain expression of intent of the parties therein, or pursuant to a collateral agreement, presents a triable issue of fact. An action for an accounting may be maintained by a cotenant out of possession of cotenancy property against the cotenant in possession who has received rents and profits from third persons on account of the use of that property (*Dabney-Johnston Oil Corp.* v. *Walden,* 4 Cal.2d 637, 656 [52 P.2d 237]; *Edwards* v. *Edwards,* 90 Cal.App.2d 33, 43 [202 P.2d

589]; *Estate of Knox,* 52 Cal.App.2d 338, 350 [126 P.2d 108]), and also against a cotenant in possession or control of the property as manager or agent for the cotenant out of possession. (*Pico* v. *Columbet,* 12 Cal. 414, 419-420 [73 Am.Dec. 550]; see also *Goodenow* v. *Ewer,* 16 Cal. 461, 471 [76 Am.Dec. 540]; *Schell* v. *Schell,* 74 Cal.App.2d 785, 789 [169 P.2d 654].) Plaintiff alleged defendant was "the manager in possession and control of said properties." Defendant denied this allegation in her answer but did not set forth in her affidavit in support of the motion for summary judgment any facts establishing she was not the manager of the properties. As manager, defendant was agent for plaintiff, and as agent was under a duty to account to plaintiff for rents and profits received in the course of her agency. (*Wooster* v. *Nevills,* 73 Cal. 58 [14 P. 390]; *Schwarting* v. *Artel,* 40 Cal.App.2d 433, 441 [105 P.2d 380].)

Defendant contends plaintiff is not entitled to an accounting in the instant case under the rule that an accounting will not be ordered where it is not necessary, citing *Faivre* v. *Daley,* 93 Cal. 664, 673 [29 P. 256], *Blase* v. *Pedlow,* 183 Cal.App.2d 367, 370, 372 [6 Cal.Rptr. 635], *St. James Church* v. *Superior Court,* 135 Cal.App.2d 352, 359 [287 P.2d 387], and *Hansen* v. *Carr,* 73 Cal.App. 511, 518 [238 P. 1048]; she has rendered an accounting as required by the 1944 agreement; the books and records respecting the management of the properties have been available to plaintiff and her attorney at all times; and for these reasons the motion for summary judgment as to the accounting causes of action properly was granted. This contention assumes the nonexistence of triable issues of fact respecting the facts upon which it is based. Plaintiff's affidavit in opposition to the motion establishes the existence of triable issues of fact as to whether the accounts rendered sufficiently complied with the 1944 agreement; the information given the accountants maintaining the books and records was correct; and the subjects of expense recorded in the books were adequately itemized in order that it could be determined whether the expenditures made were deductible from the income payable to plaintiff. The plaintiff alleged defendant improperly charged expenditures for capital improvements to operational expense. Defendant denied this allegation but did not set forth facts in her affidavit in support of the motion establishing the nonexistence of a triable issue of fact in the premises. Contrariwise, plaintiff's affidavit in opposition to the motion shows the

existence of such a triable issue of fact. It is noteworthy that in the former action, i.e., *Steeve* v. *Yaeger, supra,* 145 Cal. App.2d 455, defendant contended plaintiff was not entitled to an accounting because, among other reasons, the books and records were available to plaintiff at all times; the court rejected this contention; and defendant was held accountable for improper expenditures in the management of the properties.

In an accounting action issues respecting the sufficiency or propriety of the accounting may be raised by the account and exceptions and objections thereto, rather than by the pleadings. (*Whann* v. *Doell,* 192 Cal. 680, 684 [221 P. 899]; see also *Horan* v. *Consolidated etc. Min. Co.,* 41 Cal. App. 333 [182 P. 813].)  Plaintiff's affidavit in opposition to the motion sets forth matters respecting triable issues of fact material to the disposition of an action for accounting, including her right to an accounting; the duty of defendant to account; the method of accounting; the accuracy of the books and records maintained by defendant; and the propriety of charges against income.

The determination of the trial court to the contrary implied in its order granting the motion was error.

The judgment is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 19, 1967.