# Stein *v.* Gordon.

*Bill in Equity for Removal of Administration, and Settlement and Distribution of Estate.*

1. *Bequest of "right, title and interest in city water-works [to] be held, managed and controlled solely by executor, and net annual income divided among surviving children;" when trust terminates.*—Under a testamentary provision in these words, "It is my will that all my *right, title and interest* in the Mobile City Water Works be held, managed and controlled solely by my executor, and that the *net annual income* derived therefrom be *divided equally* among my five surviving children," the executor being one of them, the other four children take equal interests in the property with him, and are entitled to have it distributed when all the fiduciary duties imposed on the executor have been performed; and the only duty imposed by the will, in addition to the control and management of that property, being the payment of an annuity to a grandchild during minority, which was charged upon the "entire estate or the income thereof," the trust terminates when the grandchild attains the age of twenty-one years.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed by the appellees, Emma Gordon and Alberta Triplett, against the appellants, Louis Stein, individually, and as executor of the last will and testament of Albert Stein, Ella Davenport and Frederick Stein; and prayed to have the administration of the deceased Albert Stein's estate removed from the Probate Court to the Chancery Court; and further that said Louis Stein, as executor, be required to make a final settlement of his administration of the trust reposed in him by the will, and also to have all of the estate distributed as required by the said will. The plaintiffs and defendants are the five surviving children of the testator, who died in July, 1874.

The will of the said Albert Stein, deceased, which was made an exhibit to the bill, first directed the payment of his debts by his executor, "as soon after my decease as shall by him be found convenient;" and then contained these bequests: "*Item* 1st. I give, devise and bequeath unto my grand-daughter Carrie, daughter of my late son, Albert Stein, junior, the sum of three hundred dollars per annum, to be paid to her annually from the time of my decease until she shall have attained the age of twenty-one (21) years, by my executor hereinafter named, the same to be a charge upon my entire estate, or the income

thereof. *Item* 2d. It is my will, that all my right, title and interest in the Mobile City Water Works he held, managed and controlled solely by my executor hereinafter named, and that the annual income derived therefrom be divided equally among my five surviving children, viz., Alberta, wife of John Triplett, Frederick, Louis, Emma, and Ella, wife of Follin Davenport. For these services, it is my will the executor hereinafter named receive annually salary of two thousand ($2,000) dollars, the same to be paid by the said Mobile City Water Works. *Item* 3d. I give, devise and bequeath my library, with all books, papers, maps, manuscripts, drawings and instruments of every kind and description thereunto pertaining, to my son Louis Stein. *Item* 4th. It is my will, that the furniture now in my possession, formerly belonging to my daughter Alberta, wife of Jno. S. Triplett, be restored to her; and I hereby release and relinquish all claims for advances heretofore made to my daughter Alberta. *Item* 5th. It is my will, that all the silver ware and plate belonging to me be equally divided according to value between my daughters, Alberta, Emma and Ella. *Item* 6th. It is my will, and I hereby devise and bequeath my piano, manufactured by William Lindeman & Son of New York, to my daughter Emma, and my piano manufactured by Chickering of Boston to my daughter Ella, wife of Follin Davenport. *Item* 7th. It is my will, that all the rest of my property, of every kind and description, wherever located, except such as heretofore or hereinafter otherwise disposed of, be divided equally between my surviving children, viz., Alberta, wife of Jno. S. Triplett, Frederick, Louis, Emma, and Ella, wife of Follin Davenport. *Item* 8th. It is my will, that all the property herein given, bequeathed and devised unto my daughters, Alberta, Emma and Ella, shall be for their sole and separate use, benefit and behoof, respectively, freed and discharged from all debts and liabilities of the present and future husbands of either or any of them." The 9th *Item* related to the executor who was to receive $500 as an annual salary, and it named the defendant Louis Stein as the executor of said will, releasing him from the execution of bond.

The bill was filed April 2, 1890; and averred that Carrie Stein, the grand-child of the testator, who, under the will, was to have an annuity of $300 given her until she had attained the age of 21 years, would attain her majority on May 10th, 1890; that she had been fully paid the said sum of $300 each of the years in which she was entitled to said sum, and that said trust for her benefit had ceased and determined; and that, therefore, said estate was now ready for distribution. The bill

was afterwards amended by making the said Carrie Stein, who afterwards married one Henry Tamplett, a party defendant; and was also amended so as to reduce the issue to the question, solely, whether or not the Mobile City Water Works was devised to all of the five children, or simply to the defendant Louis Stein alone, and whether or not the estate was ready for final settlement and distribution.

The defendants jointly and severally demurred to the bill as amended, and assigned the following grounds: (1.) Because only the net annual income of said estate was bequeathed, and is to be divided between the five surviving children of said testator, and that the *corpus* thereof is not to be divided. (2.) Because the testator's interest in the *corpus* of said estate is not to be divided equally between the surviving children. (3.) The testator disposed of his right, title and interest in the *corpus* of the property designated as the Mobile Water Works to the defendant Louis Stein, charged only with the burden of dividing the net annual income therefrom equally among the children of the testator. (4.) Because the plaintiffs have no interest or property in the *corpus* of the property constituting the Mobile Water Works. (5.) Because the complainants have no such right, title or interest in and to the *corpus* of Mobile Water Works which they can have set apart to them respectively in severalty. (6.) That the complainants have no such present right, title and interest in and to the *corpus* of the property of said Mobile Water Works as entitles them to the division thereof, either by partition or by sale thereof, for an equitable division, nor had they any such right at the time of the filing of the bill. (7.) Because the coming of age of said Carrie Stein does not terminate the right, under the will, of the defendant Louis Stein to hold said Water Works property for the purposes declared in said will.

The chancellor overruled the demurrer, and his decree is now assigned as error.

L. H. FAITH, for appellants.—The chancellor should have sustained each ground of demurrer. In support of the 1st, 3rd, 4th and 5th ground the following authorities are cited: Code, § 1832; *Gosson v. Ladd*, 77 Ala. 223; *Jones v. Reese*, 65 Ala. 134; *Perkins v. Lewis*, 41 Ala. 649; *Whorton v. Moragne*, 62 Ala. 201; *Hoare v. Osborn*, 33 L. J. Ch. 586; *Judson v. Gibbons*, 5 Wend. 225; *Doe, Ex dem. v. McFarland*, 9 Cranch, 152; *Parker v. Moore*, 10 C. E. Green (N. J.) 228; *Door v. Wainwright*, 13 Pick. 328; *Giddings v. Seward*, 16 N. Y. 365; *Saunderson v. Stearns*, 6 Mass. 37; *Parker's Appeal*, 61 Penn. St. 478; *Helmer v. Shoemaker*, 22 Wend.

[Stein v. Gordon.]

137; *Campbell v. Beaumont*, 91 N. Y. 464; 20 N. J. L. 142; 16 N. J. L. 27; 31 N. J. L. 220; 1 Jarmon on Wills, pp. 152 & 625, and notes; 3 Jarman on Wills, pp. 70 & 71; Gray on Perpetuity, §§ 236, 422. The following authorities were cited in support of the 6th and 7th grounds of demurrer: *Bryan v. Weems*, 29 Ala. 423; *McBrayer v. Cariker*, 64 Ala. 50; *Jones v. Reese*, 65 Ala. 134, *Hill v. McRae*, 27 Ala. 175; *Robertson v. Johnson*, 36 Ala. 197; *Traphagen v. Levy*, 18 Atl. Rep. 222; *Walker v. Beal*, 106 Mass. 110; *Yarnall's Appeal*, 70 Penn. St. 339; *Megargle v. Nagle*, 64 Penn. St. 211; *Feedy's Appeal*, 60 Penn. St. 349, *Battle v. Petevay*, 44 Amer. Dec. 44; 1 Perry on Trusts, §§ 310, 310a, and 313; 2 Perry on Trusts, § 920; Gray on Perpetuity, §§ 236 and 422.

F. G. BROMBERG, *contra.*—The chancellor did not err in overruling the appellant's demurrer. The language of item 2nd of Albert Stein's will created a trust estate in appellant, Louis Stein, but no more.—1 Perry on Trusts, (2nd Ed.) §§ 305, 307; 1 Lewin on Trusts, pp. *212, *213. As soon as the trust ended, the legal and equitable title to the trust property vested in all the children of the testator.—2 Brick. Dig. p. 496, § 88; Code of 1886, § 1835; 1 Perry on Trusts, §§ 317, 320; 1 Lewin on Trusts, p. *217.

COLEMAN, J.—The case comes before us on demurrer, and the decision of the legal questions, involves the construction of the will of Albert Stein.

In construing a will, the main purpose is to ascertain and give effect to the intention of the testator. When its provisions are indefinite, reference must be had to settled principles, so far as applicable to the question under consideration. A gift of the rents and profits for a limited time does not carry the fee, but, in the absence of any expression of a different intention, a gift of the rents and profits is tantamount to a devise of the land itself.—*Diamont v. Love*, 31 N. J. L. 220; *Traphagen v. Levy*, 18 Atl. Rep. 222; *Reed v. Reed*, 9 Mass. 372. An implication is admissible in the absence of, but not to control, a bequest or a devise.— *Whorton v. Moragne*, 62 Ala. 212. An intention of the testator, the effect of which will be to lessen or delay the usufruct of a bequest or devise by the beneficiary, ought not to be implied, unless the terms of the gift or devise plainly and clearly raise such implication. Wherever the authority to control and manage an estate is separated from the beneficial interest and enjoyment of the same, the policy of the law is to consummate a merger or union of the entire estate, as soon as practicable, and consistent with

the intention of the grantor. *Due ex dem. Gossar v. Ladd,* 77 Ala. 231.

It is manifest from the 7th item of the will, that the testator intended, and did dispose of his entire estate, and it is equally manifest from other provisions of the will that he intended the objects of his bequest and devises should have possession, enjoy, control and manage all the estate given and devised to them respectively, except the Mobile City Water Works. By the 2nd item, the testator "wills that all my right and title and interest in the Mobile City Water Works be held, managed and controlled solely by my executor, hereinafter named, and that the net annual income derived therefrom be divided equally among my five surviving children." The executor was one of the five children. These five children have exactly the same interest, in the Water Works, and this interest is not contingent or conditional. The net income is an absolute gift or devise, so far as disclosed by this item of the will. There is no limit of duration of time fixed, within which the executor is to cease "to control and manage the Water Works."

The question then arises, how long is the executor to continue to manage and control the Water Works, and what purpose did the testator have in view, in making a different provision in regard to the Water Works than that as to his other property? We think the solution is found in the first item of his will. Testator had a grand-daughter "Carrie," of tender years, by his deceased son Albert; and in the first item of his will, he devises and bequeaths unto her three hundred dollars *per annum,* to be paid to her annually until she attains the age of twenty-one years, "by my executor, the same to be a charge upon my estate or the income thereof." Although this annuity is made a charge upon the estate or income, we have seen the testator intended that the possession, enjoyment and control of all the property, except the Water Works, should pass to the legatees and devisees. The annuity was to be paid by the executor. There is no provision in the will by which the executor can pay the annuity—except from the Water Works. For this purpose we think it is clear, the management and control of the Mobile Water Works was vested in him. "Carrie" having attained the age of twenty-one years, the object and purpose for which "the right to hold, manage and control" the Mobile Water Works has been fully accomplished, and under the policy of the law, the estate, and "the right to manage and control" the same merges and becomes absolute in the five children, to whom "the income therefrom," was given by the will.

No question other than the construction of the will, has been presented or argued in brief of counsel, and we decide this question alone.

Affirmed.

