ELIZABETH PASSMAN et al.

*v.*

GUARANTEE TRUST AND SAFE DEPOSIT COMPANY et al.

[Filed December 15th, 1898.]

1. A residuary gift of the net income of lands to A, his heirs and assigns, without limit of time or gift over to other persons or other disposition made, will be held to be a devise to A of the title in the lands in fee.

2. The same construction will be given to a will in which the residuary estate is devised to trustees to collect rents, &c., and pay net income to A, his heirs and assigns, without limit, &c., as above stated.

On bill, answer and proofs.

This bill is filed by the complainants, one of whom claims to be the owner of two twenty-second parts and the other of nine twenty-second parts of the residuary estate of one Thomas Costello, who died in the year 1877. The testator had made his will, dated December 24th, 1875, which was proven on the 31st day of August, 1877, before the register of wills of the county of Philadelphia, Pennsylvania, where the testator was domiciled at the time of his death. An exemplified copy of the will has been filed in the office of the surrogate of Atlantic county, under the provisions of the New Jersey statute.

By the terms of his will the testator, Thomas Costello, directed the payment of his debts; he gave general money legacies, annuities and special devises, and then disposed of the residue of his estate by the following provisions:

"*Item.* All the rest, residue and remainder of my estate of whatsoever kind and wheresoever situate I hereby give, devise and bequeath unto Ambrose Kehoe and Edward Costello, both of the city of Philadelphia, and the survivor of them, and the executors, administrators or successors of such survivor forever, in trust, however, to collect the income, rent and revenue thereof, and after paying and defraying the expenses of this trust and the repairs, taxes,

18

Passman *v.* Guarantee Trust and Safe Deposit Co.

charges and other expenses upon said residuary estate, to pay such net amount to the following-named persons and in the following proportions, to wit, first dividing the same into twenty-two shares or parts: Six shares or parts of said net income to be paid annually to Edward Costello, son of Patrick Costello, and to his heirs and assigns forever; four shares or parts of said net income to be paid annually to Margaret Costello, daughter of Patrick Costello, and to her heirs and assigns forever; two shares or parts of said net income to be paid annually to Elizabeth Costello, daughter of Patrick Costello, and to her heirs and assigns forever; two shares or parts of said net income to be paid annually to Henry Dunn, son of Ann Loughlin, and to his heirs and assigns forever: two shares or parts of said net income to be paid annually to my sister, Ann Loughlin, and to her heirs and assigns forever; two shares or parts of said net income to be paid annually to Mary Hart, daughter of Andrew Hart, and to her heirs and assigns forever; two shares or parts of said net income to be paid annually to Margaret Hart, daughter of Andrew Hart, and to her heirs and assigns forever; one share or part of said net income to be paid annually to Margaret Cullen, and to her heirs and assigns forever; and the remaining one share of said income to be paid annually to Mary Costello and to her heirs and assigns forever.

"It is my will, however, and I hereby direct that my said trustees shall so pay and hold the said income so that the same shall not be liable, responsible and attachable for the debts, obligations or liabilities of the respective persons so as aforesaid designated to receive the same.

"I hereby nominate, constitute and appoint the said Ambrose Kehoe and Edward Costello executors of this, my last will and testament, and I hereby revoke all former wills by me at any time heretofore made."

The testator at the time of his death was seized in fee of a tract of land in Atlantic City, New Jersey, at the northwest corner of Atlantic and Maryland avenues. The property passed under the above-quoted residuary clause of his will. The buildings on this property have become so decayed and weather-worn that they are scarcely tenantable, and are now so entirely dilapidated that they are not worth repairing. The lot of land, however, is valued at from fourteen to fifteen thousand dollars, irrespective of the worth of any buildings thereon.

The executors and trustees named in the will have both died since they proved the will, and the defendant the Guarantee Trust and Safe Deposit Company has been appointed trustee in their place and stead.

The ownership of the several interests has been changed by death and transfer.

The Guarantee Trust and Safe Deposit Company, as trustee of the other present holders of the shares, and the executors of the deceased trustees, have been made defendants.

The complainant alleges that the Guarantee Trust and Safe Deposit Company has, as trustee, assumed the possession of the premises, and taken the rents and income therefrom, and that it is also proceeding to enforce the trust under the will of Thomas Costello. The complainants declare this action creates a cloud upon the title to the premises, and contend that the trust provision is illegal, because it seeks to create a trust in perpetuity, and they allege that they and the defendants are the absolute owners in fee-simple of the lands and premises passing under the residuary estate of the testator in the following shares and proportions: Elizabeth Passman, complainant, two twenty-second parts; Charles C. Babcock, complainant, nine twenty-second parts, and the following defendants, Mary Costello, one twenty-second part; Mary Crowley, three twenty-second parts; Margaret Cullen, one twenty-second part; Emma Dunn, one twenty-second part; William Henry Sutton, one twenty-second part, and Mary J. Elder, four twenty-second parts.

The complainants pray an accounting from the Guarantee Trust and Safe Deposit Company and a declaration that the trust is void because it tends to establish a perpetuity, and an injunction restraining the trustee from interfering with the property.

*Messrs. August Stephany & Son,* for the complainants.

*Mr. David J. Pancoast,* with whom is *Mr. W. H. Sutton* (of the Philadelphia bar), for the defendants the Guarantee Trust and Safe Deposit Company.

GREY, V. C.

The whole contention in this case turns upon the construction of the effect of the residuary clause in the will of Thomas Costello, by which he gives the remainder of his property to two trustees, the survivor of them, and the executors, administrators and successors of the survivor, in trust to collect income, rent

and revenue, pay taxes and repairs and the expense of the trust, and to pay over the net income annually in twenty-two parts, unequally distributed among named beneficiaries. The portions of the net income given to each beneficiary are expressed to be given to him, "his heirs and assigns forever."

No power of sale is created by the will. The provisions for the collection of rents and for the expenses of repairs indicate that the testator, in disposing of this residue to produce an income, expected it to continue, in part at least, as real estate. There is no further disposition of the property included in the residue than is shown by the gift of the income to be derived from it, and there is no limitation over of any of the shares of the income. In fact, there is no testamentary action of any kind touching the residue, than the gift of the income to the first takers. As the trust is expressed in the will, the trustees must keep the principal of the fund, and pay out the net income to the beneficiaries, their heirs and assigns, without limit of time or circumstance. The only duty the trustees are charged to perform is to collect income, pay taxes, repairs and expenses, and turn over the whole net income, so that it should not be liable for the debts of the beneficiaries.

The rule appears to be settled that the bequest of the income without limit as to time, or gift over which can operate, is a bequest of the principal, if there be no expression of a contrary intent. *Elton* v. *Sheppard, 1 Bro. Ch. C. 532;* \**Haig* v. *Swiney, 1 Sim. & S. 487; Manning* v. *Craig, 3 Gr. Ch. 436; Craft* v. *Snook, 2 Beas. 121; Gulick* v. *Gulick, 12 C. E. Gr. 500.* The same rule applies whether the gift be direct or through the intervention of a trustee. *Ibid.* So a devise of the income of land without limitation or devise over, is equivalent to a devise of the land itself. *Den* v. *Manners, Spenc. 144; Diament* v. *Lore, 2 Vr. 222; Post* v. *Rivers, 13 Stew. Eq. 22; Conynham* v. *Conynham, 1 Ves. Sr. 522;* Sir Thomas Plumer, V. C., in *Stretch* v. *Watkins, 1 Madd. 143.* The same rule applies to a gift of a perpetual annuity. *Huston* v. *Read, 5 Stew. Eq. 596.* In devises of trust estates where no conveyance is directed to be

\* See first American edition from fifth London edition, Boston, 1844.—REP.

made the construction is the same in chancery as it would be at law upon a devise of the legal estate.   *Martling* v. *Martling, 10 Dick. Ch. Rep. 781.*

The operation of the rule is not defeated because some duty in realizing assets and securing and paying the income is cast upon the trustees.   In *Earl* v. *Grim, 1 Johns. Ch. 499,* executors were directed by the will to rent or sell lands as they saw fit, and, in case of sale, to put the money *at interest* and pay the interest annually to G. P., &c.   Chancellor Kent held that those who, by the terms of the will, were entitled to the interest were also entitled to the *principal* of the proceeds of sale.   In *Phillips* v. *Chamberlain, 4 Ves. \*51,* the testator gave the residue of his real and personal estate to trustees to convert into money and invest, &c., and directed them to pay the surplus of dividend and interest to his daughter, son, nieces, &c.   The court held that the bequest to the trustee upon trust, to pay the interest from time to time without limitation of duration, carried the principal also.

In the case under consideration the whole income is given to the *cestuis que trustent,* their heirs and assigns.   As between the beneficiaries and the trustees, the latter have no power to refuse the payment of any portion of the income, nor have they any duty to retain the residuary estate for the benefit of any successor in interest.

The whole structure of the will shows that the testator disposed of all his estate of every character, and had no intent to die intestate of any portion of it.   The phrasing in the residuary clause, by which the shares of income are given to the beneficiaries, their "heirs and assigns," indicates an intent to give to them an absolute estate in the residue, and when considered in connection with the absence of any further gift, must, I think, bring the construction of this residuary gift under the rule applied in *Phillips* v. *Chamberlain, ubi supra,* where there was an absolute and unlimited gift of income to arise from a disposition of both real and personal estate, and it was held to pass the title to the principal of the funds realized.

The answer admits that the defendant the Guarantee Trust

and Safe Deposit Company accepted the position of trustee under Thomas Costello's will. The buildings on the premises on Atlantic and Maryland avenues are shown to be in very dilapidated condition and probably produce little rent or profit.

The trustee should state an account of the gross receipts of income from the residuary estate and of its disbursements therefrom and lawful charges, and should pay over the balance in hand to the complainants, according as their holdings of residuary shares may entitle them.

In view of the apparent devolution of title to the residuary lands upon the trustee by the terms of the will, it may be desirable, in order to perfect the chain of title upon the record, that the trustee should convey by deed with proper recitals, but without warranty, to the holders of residuary shares, in the proportions in which their interests may appear. This mode of relief is not specifically prayed for, but is within the scope of the general prayer. The several steps by which the immediate devisees passed their shares to grantees should have been made by deed effectual to pass real estate. No costs should be taxed as against the defendants.