# Guesnard, *et al. v.* Guesnard.

*Bill for Partition and to Construe Will.*

(Decided May 11, 1911.   55 South. 524.)

1. *Wills; Construction; Per Capita or Per Stirpes; "Between;" "Heirs."*—The will considered and held that the word "heirs" as used in the will meant children, and that the devisees under such clause took per capita and not per stirpes; the word "between" not being used in its technical sense as a reference to two only, but as applying to a division among many.

2. *Perpetuities; Will; Heirs.*—A will devising the income from certain real estate to testators' daughter during her life, and on her death one-half of the income to go to her issue, if any, and the balance to testator's surviving heirs, was not objectionable as creating a perpetuity; the word "heirs" being used in the sense of children, and the devise of the income, not being limited, carrying the property itself.

Appeal from Mobile Law and Equity Court.

Heard before Hon. Saffold Berney.

Bill by Theodore L. Guesnard against Theodore H. Guesnard and another for sale of land for division, and incidentally to construe a will. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The bill alleges that orators own a fee-simple undivided interest in certain property therein; that he and

[Guesnard, et al. v. Guesnard.]

Alcide F. Guesnard are the grandchildren of Theodore Guesnard, deceased, being the only children and heirs at law of Alcide Peter Guesnard, who died intestate prior to the death of Lea Marie Guesnard; and that the said Theodore S. Guesnard was the son of the said Theodore Guesnard, deceased. The bill further alleges that Lea M. Guesnard, in whom a life estate vested by the will, has recently died, unmarried and without issue; that William Charles Guesnard and Marie Victoria Craft, named in the will as the children of said Theodore Guesnard, have all died without issue; and that the three named in this will are the only surviving heirs. It is then averred that the provision of the said will that the said real estate should never be sold is an attempt to create a perpetuity, and is therefore ineffective and void. It is then alleged that the land cannot be equitably divided. The following are the sections of the will directed to be set out:

"(2) I devise, give and bequeath to my daughter, Lea Maria the income that may be derived from that two-story brick building on the south side of Dauphin street, second east of Conception, known as 103 Dauphin street, during the term of her natural life, free from the control, liability or incumbrance of any husband she may have hereafter. At her death, should she leave any issue, said issue to receive one-half of the said income, the other half to be equally divided between my other heirs as hereinafter mentioned. But should there be no issue left by my said daughter, then the property to revert back to my estate, and said income to be divided equally between my surviving heirs and the children of such of my heirs who may have died leaving issue. It is further my will and desire that said property No. 103 Dauphin street, should not be sold, but be kept as a source of income to my heirs.

[Guesnard, et al. v. Guesnard.]

"(3) The balance of my real estate of which I shall die seised and possessed, or to which I shall be entitled at my decease, I devise and bequeath by equal division among my sons, William Charles, Theodore H., Alcide Peter, and my daughter, Marie Victoria Craft."

"(6) I give, devise and bequeath all the balance of my personal property to my five children mentioned above, to be divided between them as they may determine between themselves. Provided, however, that the provisions of article 7 shall not be included in this provision."

INGE & McCORVEY, for appellant. The only question involved is as to whether or not the real estate described in the first paragraph of the bill shall be distributed or divided under the second item of the will per capita or per stirpes. The first thing to ascertain in construing a will is to arrive at the intention of the testator.—*Thrasher v. Ingram,* 32 Ala. 645; *Alford v. Alford,* 56 Ala. 350. Under the will, the property reverted back to the estate, the daughter having died without issue.—*Ballentine v. Foster,* 128 Ala. 638; *Sharpe v. Sharpe,* 35 Ala. 574; *Bethea v. Bethea,* 116 Ala. 265; *Billingsley v. Abercrombie,* 2 S. & P. 24; *Thomas v. Miller,* 161 Ill. 60; *Slingluff v. Johns,* 39 Atl. 872; *Kelly v. Vigas,* 112 Ill. 242; *Raymond v. Hillhouse,* 29 Am. Rep. 688; 33 Conn. 222; 15 N. E. 457; 11 B. Monroe, 32; 59 L. R. A. 125; 79 N. E. 260; 64 Atl. 460.

SHELTON SIMS, for appellee. The word "heirs" as used in the will means children.—*English v. McCreary,* 157 Ala. 487; *Van Zant v. Morris,* 25 Ala. 291. The gift of the income was tantamount to a devise of the land itself.—*Stein v. Gordon,* 92 Ala. 535; *Earl v. Grimm,* 1 Johns Ch. 494. The will must be construed as not at-

[Guesnard, et al. v. Guesnard.]

tempting to create a perpetuity.—*Robertson v. Hayes,*
83 Ala. 298; *Trammell v. Chambers County,* 93 Ala.
390. The parties to this suit take per capita and not
per stirpes.—*Wilds' Case,* 6 Code, 16a; *Nimmo v. Stew-
art,* 21 Ala. 691; *Smith v. Ashurst,* 34 Ala. 208; *Wil-
liams v. McConnico,* 36 Ala. 28; *Varner v. Young,* 56
Ala. 285; s. c. 56 Ala. 283; *Moore v. Lee,* 105 Ala. 436;
·*Furlow v. Merrill,* 23 Ala. 705; *Cox v. McKinney,* 32
Ala. 461. The will creates a contingent remainder con-
verted by statute into an executory devise after the life
estate of Leah Guesnard had determined to be divided
equally between the surviving children.—*Terrill v.
Reeves,* 103 Ala. 264; *Phinizy v. Foster,* 90 Ala. 262;
*Ballentine v. Foster,* 128 Ala. 638.

SIMPSON, J.—The bill in this case was filed by the
appellee for a sale of property for partition, alleging
that the complainant is entitled to a one-third interest
in the property. A demurrer was interposed on the
ground that the will of Theodore Guesnard, the grand-
father of the complainant, shows that the complainant
is entitled to only one-fourth of the property. The re-
porter will copy sections 2, 3, and 6 of the will in the
statement of the case.

The complainant and Alcide S. Guesnard are grand-
·children of Theodore Guesnard, being the children of
Alcide Peter Guesnard, deceased. Lea Marie Guesnard
died without issue, and the other children of Theodore
Guesnard died before her decease; none leaving issue,
·except said Alcide Peter, as above shown. The appeal
is from the decree overruling the demurrer to the bill,
and the question at issue depends upon the construction
of the second section of the will, to wit, whether the de-
·visees take per stirpes or per capita.

This is a question which has been much discussed by the courts of various jurisdictions. The decisions of the courts of other states are not harmonious, and the question is not free from difficulty. In arriving at the intention of the testator, we must be governed by the provisions of the will itself, and not by what would be a reasonable and proper disposition of the property, according to our own notions. It may be that, generally speaking, grandfathers, taking their ideas from our statutes of descent and distribution, may not intend to place the children of deceased children on an equality with their children; but it cannot be affirmed as a universal proposition. Mr. Jarman states that: "Where a gift is to the children of several persons, whether it be to the children of A. and B., or to the children of A. and the children of B., they take per capita and not per stirpes. The same rule applies where a devise or bequest is made to a person and the children of another person, or to a person as standing in a certain relation, as to 'My son A. and the children of my son B.,' in which case A. takes only a share equal to that of the children of B., though it may be conjectured that the testator had a distribution according to the statute in his view." —2 Jarman on Wills (6th Ed.) p. 265 (1050).

It cannot be doubted that the plain wording of the section calls for this construction, if there were no relationship between the parties, and no field for the operation of our own views as to what would be a proper disposition of the property. From a careful examination of the numerous authorities which have been called to our attention by the diligence of counsel on both sides of this controversy, and others which have been referred to, we think that the weight of reason and authority sustains Mr. Jarman's views. From the multitude of authorities we cite a number which explain and illustrate

[Guesnard, et al. v. Guesnard.]

this principle, and others to the contrary may be found, among the cases cited by counsel for the appellant.— *Collins v. Feather,* 52 W. Va. 107, 43 S. E. 323, 61 L. R. A. 600, 94 Am. St. Rep. 912; *Hill v. Bowers, et al.,* 120 Mass. 135; *Wills v. Folz,* (W. Va.) 12 L. R. A. (N. S.) 283, and notes; *Farmer v. Kimball,* 46 N. H. 435, 88 Am. Dec. 219; *Crow v. Crow,* 1 Leigh (Va.) 72; *Hoxton v. Griffith,* 18 Grat. (Va.) 574; *Senger v. Senger,* 81 Va. 687.

We refer to the decisions of other states because they are entitled to great respect and carry weight with them, though they are not, strictly speaking, authority to be followed, unless in our opinion they are supported by the reason and analogies of the law. When our own court has made a deliverance on a subject, it is our duty to follow it, unless it is so plainly erroneous as to call for a decision overruling it. We think our case of *Smith v. Ashurst and Wife,* 34 Ala. 208, is conclusive of this case. In that case this court distinctly adopts the language above quoted from Jarman on Wills, and states that it is well sustained by authorities, and refers to the case of *Duffee v. Buchanan,* 8 Ala. 27, 30, in which the court holds that the word "equally" plainly shows the intention for a per capita distribution.

Counsel for appellant seek to differentiate the Smith-Ashurst Case from the one now under consideration, stating that in that case "there is no devise to the burden, but a devise directly to the children of the brother." In the present case the devise is equally direct. It is not to his children, and, in case any of them shall die, then to their children; but the will seems to take it for granted that some of them will die and the devise is directly "to be divided between my surviving heirs (which clearly means children in this will) and the children of such of my heirs, who may have died, leaving issue."

So far from there being anything in the will itself to indicate any intention other than that suggested by the plain wording of this section, it is noticeable that this is the only section which mentions the children of a deceased child. Section 3 leaves the balance of his real estate to his children by name, and makes no mention of the children of those who may die, thus evidently leaving it to the law to provide for that contingency; and section 6 makes the same disposition of his personal property. The testator, or the scrivener, evidently understood that, if the second section had stopped with the provision that at the death of the life tenant without issue the property should revert back to his estate, it would have been distributed in the same manner as the property provided for by said residuary clauses; but, to avoid that conclusion it is specifically stated that it is to be divided equally between the parties named. The words *pro rata* in the *Smith-Ashurst Case* do not add anything to the word *equally*.

There is no significance in the use of the word "between," as indicating a reference to only *two*. Whatever may be the strict philological propriety of the use of the word, it is frequently used as applicable to more than two. The original Articles of Confederation were declared to be a league "between" the states, and the last section of the Constitution of the United States declares that "the ratification of the conventions of nine states shall be sufficient for the establishment of this Constitution 'between' the states so ratifying the same." The testator also himself provides for the division of his property, real and personal, "between" his five children.

There is nothing in our subsequent decisions tending to qualify the principles laid down in the *Smith-Ashurst Case*. In the case of *Sharp's Administrator v. Sharp,*

35 Ala. 574, the only question decided was that the administrator of a child who died before the widow was not entitled to any portion of the assets. The court makes no remarks on the difference in meaning between the use of the words "or" and "and," saying that the court will not substitute one for the other, except "in cases where it is clearly authorized by the intention and meaning of the testator, as collected from the whole will," and goes on to quote with approval the principle announced in the *Smith-Ashurst Case,* 34 Ala. 579. The case of *Bethea et al. v. Bethea et al.,* 116 Ala. 256, 22 South. 561, distinctly recognizes the correctness of the principle laid down by Jarman, and by the *Smith-Ashurst Case,* but simply recognizes also the further principle, stated in both, that the court may give the other construction "on faint evidence," and holds that in that case "the word *each,* as here employed, is clearly distributive of the grandchildren of the testator referred to into classes or stirpes."

In the case of *Ballentine et al. v. Foster et al.,* 128 Ala. 638, 644, 30 South. 481, 483, the property was devised "to be divided equally among the children of P. J. W. and my daughter, E." (P. J. W. being a son of the testator); and it was held that the devise was to the children of the son and of the daughter, and this court says: "The language employed, 'to be equally divided among,' * * * is opposed to the idea of an intention on the part of the testator to divide the estate into moieties, one to the children of P. J. W and the other moiety to his daughter, E.; for this construction would necessarily involve the idea of a still further division of one of the moieties among the children of P. J. W. Nor, on the other hand, is it reasonable to conclude that it was the intention of the testator to place his daughter, E., upon an equal footing with the children of P. J., who

were his grandchildren, in a division of the estate; that is to say, to give her a portion equal to a grandchild's portion. By the use of the words 'equally among,' according to the definitions given to them by standard lexicographers, * * * it is wholly improbable that the testator could have intended other than a per capita distribution among the several grandchildren."

While that case is not, in all points, analogous to the one now under consideration, yet it is a clear exposition of the words "equally divided," and while it led the court in that case to construe the intention to be to devise the property to the children of E., and not to herself, yet if there had been no room for construing it to be a devise to her children in place of herself, the definition of the words, as given, would necessarily have indicated a per capita distribution.

We do not construe the will as attempting to create a perpetuity, because, as before indicated, the testator, in using the word "heirs," intended *children;* and, reading the words "children" in the place of "heirs" in the concluding clause of item 2 of the will, it does not create a perpetuity. The devise of the income of the property, without limit, carried with it the property itself.— *Stein v. Gordon,* 92 Ala. 532, 535, 9 South. 741, and case cited; 1 Jarman on Wills (6th Ed.) p. 758 (741).

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.