# Scruggs *v.* Yancey.

### Bill for Partition.

(Decided June 30, 1914.  66 South. 23.)

*Wills; Estate Devised.*—A devise of the net income to be derived from an undivided half of certain real estate to an orphanage, without limitation as to time, constitutes a devise of the fee of one-half of the property; a devise of the rents and profits of the land being the equivalent of a devise of the land.

APPEAL from Jefferson Chancery Court.
Heard before Hon. A. H. BENNERS.

Bill by John L. Yancey against the Alabama Methodist Orphanage and Willie Jordan Turner Scruggs for sale for division. Decree for complainant, and respondent Scruggs appeals. Affirmed.

The following are the items of the will referred to in the opinion: .(4) I further give, devise and bequeath to the Alabama Methodist Orphanage the net income to

be derived from the other undivided one-half interest of the said N. ½ of block 10, in block 100, fronting 20 feet on the east side of 20th street, and with that width of front extending backward 100 feet, situated in Birmingham, Alabama. With reference to all the devises herein made to the Alabama Methodist Orphanage, I will and direct that after the payment of taxes insurance and repairs that the net income to be so derived shall be is hereby devoted forever to the care and support of orphans in said Methodist orphanage, and the Alabama Methodist Orphanage will not have the power to alienate or grant the property in fee, the income to which is hereby given to it. Said Alabama Orphanage is located at Summerfield, Alabama.

(5) I further devise and give to the Alabama Orphanage all the rest and residue of my estate not hereinbefore disposed of, of which I may be possessed at my death.

E. J. SMYER, for appellant. Counsel discuss the question presented, but without citation of authority.

SMYER & SMITH and VASSAR L. ALLEN, for appellee. The decree should be affirmed on the authority of *Guesnard, v. Guesnard,* 173 Ala. 250; *Stein v. Gordon,* 92 Ala. 532.

GARDNER, J.—By this bill the complainant, John L. Yancey (appellee here), seeks a sale of a certain lot in the city of Birmingham, Ala., for division among the joint owners thereof.

The bill shows that one Margaret A. Turnbough died seised and possessed of the said lot in Birmingham, Ala., described as follows: "The north half of lot 10, in block 100, said lot fronting 20 feet on east side of Twentieth

street, and running back with that uniform width 100 feet; said property being described in accordance with the plan and survey of the Elyton Land Co."

It is further alleged that said Margaret A. Turnbough left a last will and testament, which was duly probated, and in which said will she devised to Willie Jordan Turner Scruggs a one-half undivided interest in and to said above-described lot, and devised to the Alabama Methodist Orphanage "the net income to be derived from the other undivided half of said lot."

The will and decree probating same are made exhibits to the bill. The reporter will set out items 4 and 5 of the will in his report of this case. There was a codicil to the will, which is not of importance here further than a note that in item 1 of said codicil the said Willie Jordan Turner Scruggs and the Methodist orphan asylum are referred to as being "named as devisees of said storehouse and lot in my said last will."

It is shown that Willie Jordan Turner Scruggs and husband conveyed to the complainant by deed dated December 12, 1905, the undivided half interest in said lot owned by said Willie Jordan Turner Scruggs, and that complainant is now the owner of such half interest.

It is alleged that, if the claims of Alabama Methodist Orphanage that it is the owner of the other half interest in said lot are well founded, then complainant and said orphanage are joint owners and tenants in common, each owning an undivided one-half interest, and that, if such claim is not well founded, then as to said one-half interest in said lot the said Margaret A. Turnbough died intestate, and same vested in her heirs; the said Willie Jordan Turner Scruggs being one of said heirs, if not the only one surviving. The bill avers that

the property is incapable of an equitable division, without a sale thereof.

The chancellor held and so decreed that the Alabama Methodist Orphanage was owner of the one-half interest in said lot in trust for the uses and purposes as set forth in said will, the complainant being the owner of the other one-half undivided interest, and decreed a sale of same for division. From this decree, respondent Willie Jordan Turner Scruggs brings this appeal.

Counsel for appellant in brief says: "It is conceded that the property cannot be fairly and equitably divided, without a sale. It is also conceded that Yancey, as a joint owner, has the right to have the property sold for division."

Only two questions are argued in brief, as follows: "First. Did the devise of the net income to the orphanage [item 4 of the will] have the legal effect to vest the title absolutely to the undivided one-half interest in the orphanage? Second. If such interest did not so vest under item 4, did it vest under item 5, the residuary clause of the will?"

Addressing ourselves to the first question above presented, it is to be noted that by item 4 of the will the said orphanage is given the net income to be derived from the other undivided one-half" of said lot, and this without limitation as to time.

In the case of *Earl v. Rowe,* 35 Me. 414, 58 Am. Dec. 714, it is said: "The effect of a devise of the 'occupation and profits' of land, when there was no devise in terms of the land, became early a subject of judicial consideration, and the decision was that it was in substance a devise of the land. * * * And a devise of 'half the issues and profits' of the land was decided to be a devise of half of the land. 'For to have the issues and profits and to have the land is all one.' "

In *Wilson v. Curtis,* 90 Me. 463, 38 Atl. 365, it is said: "It is a familiar and well-settled rule of law that a gift of the income of real estate is a gift of the real estate itself. A gift of the income for life is the gift of a life estate, while a gift of the perpetual income is a gift of the fee."

The following quotation from *Traphagen v. Levy,* 45 N. J. Eq. 448, 18 Atl. 222, cited by this court in *Stein v. Gordon,* 92 Ala. 532, is also in point: "It is well settled that a devise of the income or of the rents and profits of lands, without limitation as to time either in the devise or by other dispostion of the rents and profits, or of the land itself, is tantamount to a devise of the land itself in fee."

See, also, *Beilstein v. Beilstein,* 194 Pa. 152, 45 Atl. 73, 75 Am. St. Rep. 692; *Passman v. Guarantee Trust & Deposit Co.,* 57 N. J. Eq. 273, 41 Atl. 953.

This rule of law has also been recognized by this court and more recently in case of *Guesnard v. Guesnard,* 173 Ala. 258, 55 South. 524, wherein we find the following: "The devise of the income of the property, without limit carried with it the property itself"—citing *Stein v. Gordon,* 92 Ala. 532, 9 South. 741; and 1 Jarman on Wills (6th Ed.) p. 7)58.

Further discusison of the principle is therefore unnecessary. A reading of these authorities will suffice to show that the language of the will by which is devised to said orphanage the "net income to be derived from the other one-half undivided interest" in said lot, without limitation as to time, and no disposition being made of such interest in the lot itself, is sufficient to pass the fee to such undivided one-half interest in the lot itself.

The chancellor, in our opinion, correctly so held, and decreed that the said Alabama Methodist Orphanage

[Scruggs v. Yancey.]

was the owner of one-half interest in said lot, in trust for the uses and purposes as set forth in said will of Margaret A. Turnbough.

This conclusion renders unnecessary a consideration of the effect of the residuary item 5 of the will.

The decree of the chancery court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.