(75 South. 926)

RALLS et al. v. JOHNSON et al. (7 Div. 801.)

(Supreme Court of Alabama. Jan. 11, 1917. On Application for Rehearing, May 24, 1917.)

1. WILLS ⟨key⟩778—ELECTION OF WIFE TO TAKE UNDER WILL—RIGHTS.

The widow must take under the will or renounce its provisions and take under the statute.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2004, 2006, 2010.]

2. WILLS ⟨key⟩439—CONSTRUCTION—INTENT OF TESTATOR.

The testator's intention, if legal, is the law of the instrument.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955, 957.]

3. WILLS ⟨key⟩470—CONSTRUCTION—INTENT OF TESTATOR.

The testator's intent must be gathered from the whole will when all the parts are construed in relation to each other, taking due consideration of the testator's scheme manifested by the will itself so as, if possible, to form one consistent whole.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 988.]

4. WILLS ⟨key⟩443 — CONSTRUCTION — REPUGNANCY.

In the case of an apparent repugnancy, the general intent of testator as declared by the will must be preferred to the special intent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 960.]

5. WILLS ⟨key⟩440—CONSTRUCTION.

We cannot incorporate provisions not expressed in will, unless the will itself clearly shows such to have been the testator's intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 956.]

6. WILLS ⟨key⟩587(1)—CONSTRUCTION—RESIDUARY CLAUSE—POSITION.

The residuary clause, notwithstanding its position, is in legal effect the last clause of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1279, 1285–1287.]

7. WILLS ⟨key⟩587(2)—CONSTRUCTION—INCONSISTENT PROVISIONS.

To effectuate the intention of the testator, a general residuary clause will be made to yield to a specific inconsistent provision, especially if the latter be subsequent in recital.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1281.]

8. WILLS ⟨key⟩471 — CONSTRUCTION — INCONSISTENT PROVISIONS.

Conflicting clauses in a will must, if possible, be so reconciled as to make each operative, and in case of irreconcilable repugnancy the latter clause must prevail over the former.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §. 989.]

9. WILLS ⟨key⟩471 — CONSTRUCTION — INCONSISTENT PROVISIONS.

The rule that the latter clause must prevail over the former in case of irreconcilable repugnancy is never applied except on failure of every attempt to give the whole will such construction as will render every part effective.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 989.].

10. WILLS ⟨key⟩471 — CONSTRUCTION — INCONSISTENT PROVISIONS.

Where an estate or interest is given in one clause of a will in clear and decisive terms, the interest so given cannot be taken away or diminished by a subsequent clause less clear or decisive.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 989.]

11. WILLS ⟨key⟩587(2) — CONSTRUCTION — SEPARATE CLAUSES—RELATIVE PROVISIONS.

Clause 3 of testator's will devised and bequeathed "all the residue and rest of my estate." Clause 4 directed that certain daughters be allowed to retain rent free a certain home until the estate was divided. Clause 5 directed that the wife and certain minors retain and occupy rent free another home until the estate was divided. Clause 6 directed the executor named "to pay a sufficient sum to my said wife and children each year for their maintenance and support, and pay in addition thereto a sufficient sum to properly educate my two minor children." Held, that clause 3 was subject to the subsequent provisions of the will, and that the maintenance payments provided for by clause 6 were intended to be made from the corpus of the estate, and not treated as advancements and charged to the distributive shares of the widow and children.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1281.]

12. EXECUTORS AND ADMINISTRATORS ⟨key⟩121(1)—ADMINISTRATOR WITH WILL ANNEXED—TRUST.

A will directing the executor named to pay a sufficient amount each year to testator's wife and children for their maintenance, and authorizing him to keep the estate intact for 20 years if he sees fit, reposes in executor a personal trust, and, he having died without carrying it out, the duty devolved upon the administrator with will annexed, and not upon the executor's administrator.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 493.]

13. WILLS ⟨key⟩698—CONSTRUCTION OF WILL—JURISDICTION.

A court of chancery has the jurisdiction and power to safeguard the rights of the cestui que trust and to administer the estate of the testator according to his testamentary intent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1676.]

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

14. WILLS ☞697(2)—ACTIONS TO CONSTRUE—PARTIES.

Any legatee as well as the administrator may on proper application have the will construed.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1672.]

15. WILLS ☞698—ACTION TO CONSTRUE—JURISDICTION.

A chancery court taking jurisdiction of an estate takes it for all the purposes of due administration.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1676.]

On Application for Rehearing.

16. WILLS ☞672(1)—TESTAMENTARY TRUST—IMPLICATION OF TRUST.

If the person charged with the separate maintenance or education is given a discretion that is subject to the control of the court if misused, a trust is created.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1579.]

17. WILLS ☞684(8)—TESTAMENTARY TRUST—CONSTRUCTION.

Under will directing executor named to pay a sufficient sum each year for maintenance of wife and two minor children, and in addition a sum sufficient to educate such children, testator's intent was that the expenditures so charged as a trust against the corpus of the estate should be ascertained from time to time and paid in periodic installments, and not ascertained and paid as one amount.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1626.]

Appeal from City Court of Gadsden; John H. Disque, Judge.

Bill by Lillie S. Johnson and others against A. W. Ralls, as administrator, and others, to construe a will. From the decree rendered, the administrator and others appeal. Affirmed in part, and in part reversed and remanded.

The will directed to be set out is as follows:

(1) Payment of just debts.

(2) To my son Mentor B. Johnson the sum of $10,000 for services rendered, and for which he has received no pay; and I give and bequeath all life insurance policies on the life of said Mentor B. Johnson, payable to me, to the said Mentor B. Johnson in addition to an equal share in the balance of my estate.

(3) I give, devise and bequeath to my wife Lily S. Johnson, Mentor B. Johnson, Q. Johnson, V. Johnson, Mrs. Lola Ralls, wife of Dr. A. W. Ralls, Thos. L. Johnson, Jr., and Sterling Johnson, being all my children, all the residue and rest of my estate, real, personal and mixed, of which I shall die seised and possessed or to which I may be entitled at my decease equally between my said wife and said children, share and share alike.

(4) I hereby direct that my said daughters, Q. Johnson, J. Johnson and my son, Mentor B. Johnson be allowed to retain rent free my home on Ninth street in Gadsden, Alabama, until said estate is divided.

(5) I hereby direct that my said wife, Lily S. Johnson and two minor children, Thos. L. Johnson, Jr., and Sterling Johnson, retain and occupy rent free my home in East Gadsden together with the lands adjacent thereto during the minority of said children and until said estate is divided.

(6) I hereby direct my executor hereinafter named to pay a sufficient sum to my said wife and children each year for their maintenance and support, and pay in addition thereto a sufficient sum to properly educate my two minor children, Thos. L. Johnson, Jr., and Sterling Johnson.

(7) I authorize and empower my executor hereinafter named to keep intact all my property that I may own at my decease for a period of twenty years after my death, except the amount necessary for the maintenance, support and education as above stated; but if he sees fit he may make distribution of any or all of said property at any time before the expiration of said twenty years, but shall not be required to do so.

(8) I do nominate my said son Mentor B. Johnson to be the executor of this my last will and testament without bond.

(9) I hereby authorize and empower my said executor to sell, dispose of and convey any and all property, real, personal and mixed, to which I may be entitled and own at my death on such terms and at such price as if he owned the property absolutely. It being my will and direction that my said executor shall have power and authority to dispose of any property, real, personal and mixed, as fully and as completely, as I might do if I were living for the purpose of reinvestment, distribution, pay debts, maintenance, support and education of my wife and children or for any other purpose that he may think proper, without interference from any one, and make any and all proper deed to same.

In testimony whereof I hereunto set my hand and seal this the 25th day of January, 1906.

Goodhue & Brindley and Dortch & Allen, all of Gadsden, for appellants. Motley & Motley and Hood & Murphree, all of Gadsden, for appellees.

THOMAS, J. The will of Thomas L. Johnson, deceased, is by this appeal presented for construction. The reporter will set it out in the statement of facts.

[1] The testator was twice married. By his first wife he had four children, a son, Mentor B. Johnson, and three daughters, Q. Johnson and V. Johnson and Mrs. A. W. Ralls. The latter was living with her husband, Dr. A. W. Ralls, who amply maintained her. The said Mentor B. Johnson and his two unmarried sisters lived in testator's home on Ninth street, in the city of Gadsden, when the will was made, and at the death of testator; while complainant and her two minor children, Thomas L., Jr., who was only five years of age, and Sterling, who was only eleven months of age, lived with testator at their home in East Gadsden at that time. The two separate homes had been maintained for the reason that there were two families, the two separate sets of children of the testator. The children of the first wife were of age, and to each of them testator had given such education as he saw fit. Testator sought to define the interests which his wife and her two children should take in his estate, and to make provisions for them as he saw proper. The widow must take under the will, or renounce its provision and take under the statute. Such was substantially the relative situation or status

of the testator, and of each of his two families, at the time he made the will in question.

[2, 3] The application of common sense in the interpretation of wills has evolved certain cardinal rules of construction. The testator's intention, if legal, is the law of the instrument. Wolffe v. Loeb, 98 Ala. 426, 13 South. 744; Wynne v. Walthall, 37 Ala. 37; 1 Schouler on Wills (5th Ed.) § 466. This intent must be gathered from the whole will, when all the parts are construed in relation to each other, "taking due consideration of the testator's scheme manifested by the will itself, so as, if possible, to form one consistent whole." Myrick v. Williamson, 190 Ala. 485, 67 South. 273; Montgomery et al. v. Wilson et al., 189 Ala. 209, 66 South. 503; Smith v. Smith, 157 Ala. 79, 47 South. 220; Holt v. Hermann, 185 Ala. 257, 64 South. 431.

[4-7] In the case of an apparent repugnancy, the general intent of the testator, as declared by the will, must be preferred to the special intent (Miller v. Flournoy's Heirs, 26 Ala. 724; Nightingale v. Shelden, 5 Mason, 336; 1 Schouler on Wills, § 466); and we cannot incorporate provisions not expressed in the will, unless the will itself clearly shows such to have been the testator's intention (Hollingsworth v. Hollingsworth, 65 Ala. 321). The residuary clause therein is in legal effect the last clause of the will, notwithstanding its position. 40 Cyc. 1413, and authorities. However, to effectuate the intention of the testator a general residuary clause will be made to yield to a specific inconsistent provision, especially if the latter be subsequent in recital. Rogers v. Rogers, 49 N. J. Eq. 98, 23 Atl. 125; Board v. Stead, 259 Ill. 194, 102 N. E. 173; Markle's Estate, 187 Pa. St. 639, 41 Atl. 304; Radfield on Wills, 446; 1 Schouler on Wills; § 474; 2 Jarm. on Wills (R. & T.'s Ed.) 44.

[8, 9] In this state the rule has been long declared that apparently conflicting clauses must, if possible, be so reconciled as to make each operative, and that in case of irreconcilable repugnancy the latter clause must prevail over the former, as being the last expression of the testator's will. Thrasher v. Ingram, 32 Ala. 645; Denson v. Mitchell, 26 Ala. 360; Gibson v. Land, 27 Ala. 117. But it is equally well settled that the rule that the latter clause must prevail over the former in case of irreconcilable repugnancy is never applied except on the failure of every such attempt to give the whole will such construction as will render every part effective. Walker's Gdn. v. Walker, 17 Ala. 396; Griffin v. Pringle, 56 Ala. 486; Rogers v. Rogers, supra.

[10] It results, therefore, that where an estate or interest is given in one clause of a will in clear and decisive terms, the interest so given cannot be taken away or diminished "by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate." Duncan v. De Yampert, 182 Ala. 528, 62 South. 673; Bruce v. Bissell, 119 Ind. 525, 22 N. E. 4, 12 Am. St. Rep. 436; Pitts v. Campbell, 173 Ala. 604, 55 South. 500; 1 Underhill on Wills, § 358; 30 Am. & Eng. Ency. Law, 688; 1 Schouler on Wills, §§ 466, 468, 474. Lord Campbell's statement of the maxim is:

"If there be a clear gift, it is not to be cut down by anything subsequent which does not, with reasonable certainty, indicate the intention of the testator to cut it down, but the maxim cannot mean that you are to institute a comparison between the two classes as to lucidity." Randfield v. Randfield, 8 House of Lords Cas. 224, 235.

[11] It is insisted by appellants that the first three paragraphs of the will disposed of the entire estate of Thomas L. Johnson and fixed the interest of each devisee or legatee. By the first paragraph the executor is directed to pay testator's just debts; and by the second paragraph there is carved out of the estate so remaining the sum of $10,000 for testator's son Mentor B. Johnson, and also all life insurance policies, payable to the testator, on the life of said son. The third paragraph devises and bequeaths to his wife, Lillie S. Johnson, and his children, Mentor B. Johnson, Q. Johnson, V. Johnson, Mrs. Lola Ralls, Thomas L. Johnson, Jr., and Sterling Johnson, equally, share and share alike, "all the residue and rest of my estate, real, personal and mixed, of which I shall die seised and possessed, and to which I may be entitled at my decease."

If, therefore, the provisions of item 3 are limited by the subsequent provisions of the will, this intention of the testator must be clearly and explicitly shown; that is to say, the subsequent provisions of the will must indicate with reasonable certainty the intention of the testator to cut down the estate disposed of in item 3 as "the rest and residue" of his estate.

Though paragraph 3 directed an equal distribution of the "residue" of the estate, yet it is equally clear from the subsequent provisions of the will that it was testator's intention to impose a trust on this residue of his estate for maintenance and support (item six), and to subject his two homes to a limited use or estate as specifically declared in items 4 and 5 of the will; that is to say, to provide for the payment annually, by his personal representative, of a sum sufficient for the necessary support and maintenance of the several dependent members of his family indicated, and to provide an additional sum for the proper education of the two minors named, and also to provide a home for his two families for the time indicated. No discretionary power to fix this necessary maintenance, to say what would constitute the suitable education of his minor children, or to determine as to the occupancy of the two

homes, was left to his executor. Nor did testator leave it to the discretion of his executor to pay any sum he might see fit for maintenance and education, but provided that the same must be necessary and sufficient. Thus regard for the condition and station in life of testator and of those for whom he was providing must be had.

The chancellor was correct in his interpretation of item 6 that it was the intention of the testator to give to his widow and his two minor children and his two unmarried daughters, to be paid each year, a sum sufficient for their maintenance and support, and that the amounts so to be expended were not intended to be treated as advancements and charged to the distributive share or shares of the widow, said two minor children, and said two unmarried daughters. The "said" wife and children for whom maintenance and support was provided in item 6 were named in the two immediately preceding sections of the will, where provision was made that they should retain "rent free" the respective homes.

The will directed the annual payment of the maintenance provided for the wife and her two minor children by testator. Since the testator did not direct that such payments should be made from any particular fund, or specified distributive share, it is clear that these maintenance payments were intended to be made from the corpus of the estate, and that the corpus was impressed with this trust. Sistrunk v. Ware, 69 Ala. 273; Coleman v. Camp, 36 Ala. 159. This provision for the support of the widow and her children and for the education of these children was an additional legacy to them to that given in item 3 of the will.

The interest devised in paragraphs 4 and 5 was an estate to be terminated upon the happening of the contingency respectively indicated in each item. The case of Scruggs v. Yancey, 188 Ala. 682, 66 South. 23, supports this contention. Stein v. Gordon, 92 Ala. 532, 9 South. 741; Guesnard v. Guesnard, 173 Ala. 258, 55 South. 524; 1 Jarm. on Wills (6th Ed.) *741, 759. A devise of the "free use" (Cook v. Gerrard, 1 Saund. 181), or of the "use and occupation" (Wittome v. Lamb, 12 M. & Wels. 813; Rebbeth v. Squire, 19 Beav. 70; Mannox v. Greener, L. R. 14 Eq. 456), of land, passes an estate in the land, and consequently a right to let or assign it (Wynne v. Walthall, supra; Wilson v. Curtis, 90 Me. 463, 38 Atl. 365).

The very terms of the will place the court in the position of the testator at the time of its execution. From them its general scope or plan is apparent (Murphy v. Carlin, 113 Mo. 112, 20 S. W. 786, 35 Am. St. Rep. 701), and the extent of the personal trust created is plain. The testator had in mind to authorize his son, the executor named, to conduct the affairs of his estate, after the manner pursued by the testator, for the time indicated, if in the judgment and discretion of this executor he could keep the general estate together for 20 years from testator's death, except to the extent that he must provide and disburse the amounts necessary for maintenance, support, and education, within the designated periods, and not disturb the occupancy and use of the two respective estates created by items 4 and 5 for the two families.

[12] If item 3 is given its proper place as the residuary clause, there is no difficulty in ascertaining that the intention of the testator was to direct the executor, in mandatory terms, to divide all the rest and residue of the estate between the several legatees and devisees therein named, so as to permit the occupancy of the two homes as indicated, and the expenditure of the annual sums for the necessary and proper maintenance and education specifically provided for. These duties were executorial; the executor being dead, they devolved upon the administrator cum testamento annexo. Tarver v. Haines, 55 Ala. 503; Patton v. Crow, 26 Ala. 426; Proctor v. Scharpff, 80 Ala. 227; Mitchell v. Spence, 62 Ala. 450; Werborn v. Austin, 77 Ala. 381; Watson v. Martin, 75 Ala. 506.

In so far as the will reposed a personal trust in Mentor B. Johnson, his death before the execution of such trust left no function to be exercised by the administrator. Anderson v. McGowan, 45 Ala. 462; Tarver v. Haines, 55 Ala. 503; Mitchell v. Spence, supra; Hinson v. Williamson, 74 Ala. 180; Robinson v. Allison, 74 Ala. 254; Werborn v. Austin, supra; Christian v. A. F. L. M. Co., 92 Ala. 130, 9 South. 219; Crenshaw v. Crenshaw, 127 Ala. 208, 28 South. 396. But moneys expended by the executor in the administration of the personal trust, to wit, for maintenance, for the improvement of the homes, or of either home, or for any other purpose proper under his discretionary power, are not proper charges as advancements, to be deducted from the distributive share of the devisee or legatee receiving the benefit.

The personal and discretionary powers with which the executor, Mentor B. Johnson, was clothed, authorized him to keep the estate together for 20 years should he see fit (item 7), or to sell, dispose of, and convey any or all property of the estate, on such terms and at such prices as he would allow if he owned the property, in all respects as fully and completely as the testator could sell and convey, for any purpose that he might think proper, and without interference by any one, after the funds for maintenance, education, etc., provided for in items 4, 5, and 6 were secured.

[13, 14] A court of chancery has the jurisdiction and power to safeguard the rights of the cestui que trust, and to administer the estate of the testator according to his testamentary intent. That a court of probate might have had difficulty in so doing, under the will before us, without its construction, is evident. The appellees filed a bill to re-

move the administration of the estate from the probate court to the chancery court, and properly prayed an interpretation of the will. The administrator in his answer likewise asked for its interpretation. After subsequent amendment of the bill, the administrator, in a petition, again asked this interpretation. Any legatee, as well as the administrator, may on proper application have the will construed.

[15] In the present state of the record, the important inquiry is the correctness vel non of the trial court's construction of the will, rather than at whose instance that construction was invoked. The complainant, as a legatee and devisee, had the right to have the administration of the estate removed from the probate court to the chancery court, where the estate could be fully administered. A chancery court taking jurisdiction of an estate takes it for all the purposes of due administration.

In Ashurst's Case, 175 Ala. 667, 57 South. 442, the personal representative did not have the unqualified right of removal, but the necessity for a construction of the will and for the administration of the trust was sufficiently averred to authorize the removal to the chancery court at the insistence of the personal representative. Thus the right of the personal representative to have the removal of the estate from the probate court to the chancery court is differentiated from the unqualified right of a legatee or devisee to have such removal where there exist equitable grounds therefor.

The decree of the chancellor is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.

On Application for Rehearing.

THOMAS, J. No general rule can be stated that will always determine when the beneficial interest was intended to be conveyed or when a trust was created. The intention must in each case be gathered from the general purpose and scope of the instrument. Perry on Trusts, §§ 82, 151, 158; Cresswell's Adm'r v. Jones, 68 Ala. 420; McCarthy's Case, 74 Ala. 546, 552; Colton v. Colton, 127 U. S. 300, 310, 8 Sup. Ct. 1164, 32 L. Ed. 136.

[16] A trust will usually be created by a provision for the support, maintenance, or education of others, and especially where the direction for such support, maintenance, or education is imposed on an executor or a guardian. Thompson, Wills, § 355. If the person charged with the support, maintenance, or education is given a discretion that is subject to the control of the court if misused, a trust is created. This discretion must be honestly and intelligently exercised; if it is not, a court of equity will compel it.

Collister v. Fassitt, 163 N. Y. 281, 57 N. E. 490, 79 Am. St. Rep. 586; Costabadie's Case, 6 Hare, 410; Laurence v. Cooke, 104 N. Y. 632, 11 N. E. 144; Colton v. Colton, supra.

[17] On further consideration of the provisions of the will having for their purpose the maintenance and support of testator's two minor children, and their proper education, we are of the opinion that the amounts necessary for such purposes may be ascertained by a court of equity annually or periodically, as may be necessary, and the payment thereof compelled from the body of the testator's estate. It is clear that the testator's intent was that such expenditures, so charged as a trust against the corpus of the estate, should from time to time be ascertained, and paid to the beneficiaries or to their guardian in such reasonable periodic installments as the circumstances of the case might warrant, and that such sums were not intended to be ascertained and paid as "one amount." If the proposed expenditures should be now ascertained and ordered paid in one amount, it is obvious that in the future the same might not prove sufficient to meet the ends designed by the testator. Again, if such provided expenditures should be presently so ascertained and set apart, as "one amount," out of the corpus of the estate, and either or both of such beneficiaries should die, or should decline to receive such benefit under the will, then the body of the estate will have been unnecessarily reduced by the carving therefrom en bloc of said amounts—the amounts presently calculated to be necessary, but thereafter proving to be not required, by the changed circumstances of the case.

It may not be requisite and necessary that the entire estate be kept together for the period for which such charges are provided to be made, but that an ample sum to meet these expenditures can be otherwise marshaled, and retained by the personal representative. This would somewhat depend on the amount, nature, and character of the estate, and on the reasonable necessities of the beneficiaries in the light of the purposes of the will. On this point the decree of the chancellor is reversed, and the cause is remanded for further consideration under the pleading and the proof. In all other respects the decree is affirmed.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.